THE STATE, Respondent, v. Cox, Appellant.

1. An indictment charging that the defendant " on, &c., at, &c., did unlawfully sell intoxicating liquors in less quantity than one gallon without then and there having a dram-shop keeper's license, or any other authority," &c., is insufficient; the indictment should set forth the particular acts constituting the violation of the law upon which the indictment is framed.

*Appeal from Dade Circuit Court.*

———, for appellant.

*Knott*, (attorney general,) for the State.

I. It is not necessary to set forth in the indictment the particular kind of liquor sold. (6 Blackf. 105, 554 ; 28 Pick. 275.)

SCOTT, Judge, delivered the opinion of the court.

The statute enacts that no person shall directly or indirectly sell intoxicating liquors in any quantity less than one gallon without taking out a license as a dram-shop keeper. The defendant was indicted under this section, and it is charged that on, &c., at, &c., he did unlawfully sell intoxicating liquors, in less quantity than one gallon, without then and there having a dram-shop keeper's license, or any other authority, &c. We have gone a great way in endeavoring to uphold the proceedings in criminal cases, but we see clearly that the farther we go the further we are required to go. A case that barely escapes reversal is considered as establishing a principle, and it is used as a precedent by which we are required to make some still wider departure from the requirements of the law. There is no policy in this. The sooner the circuit attorneys are taught that they must have some regard to law in drawing their indictments the better it will be for the state, who will thereby save thousands in costs. The great liberality in the courts in this matter only begets carelessness and inattention, which result in the escape of offenders, the increase of appeals and delays, and the great multiplication of unnecessary costs.

The rule that in describing an offence it is sufficient to use the words of the statute creating it is greatly misapplied and perverted when called in support of the indictment in the record before us. No one ever supposed that it meant to sanction an indictment charging one generally with the offence specified in the statute, without containing any particular act showing that the general provision has been violated. The rule means that the act, charged in the indictment as violating the general law, must be described by the words of the statute; as if the law forbade one to strike another, it would not do to charge in an indictment under it, that A. did beat C.; or if the law forbade any one to sell any particular thing, an indictment under it, that A. disposed of for money the thing prohibited, would be bad. The objection to this indictment is that it charges no particular act showing by its description in the words of the act that the general provision had been violated. What would be thought of an indictment charging one generally with the felonious stealing of horses? The selling of a gallon of liquor at one time, to be taken away or used in less quantities at the will of the purchaser, was an evasion of the law not to be tolerated.

Judges Napton and Ewing concurring, judgment will be reversed.