| 13 | 485 |
|----|-----|
| 79 | 112 |

</div>

---

## THE STATE OF IOWA v. BITMAN.

1. ASSAULT AND BATTERY: INFORMATION. An information charging a defendant with inhumanly whipping and beating his own child, is sufficient as an information charging an assault and battery; but it should set out the name of the person upon whom the offense was committed.

*Appeal from Lee District Court.*

. WEDNESDAY, JUNE 25.

THE facts appear in the opinion of the court.

No appearance for the appellant.

*C. C. Nourse*, Attorney General, for the State.

BALDWIN, C. J. — The information upon which the defendant was arrested, tried and convicted, charges him with cruelly and inhumanly whipping and beating his own child, being about three years old.

A demurrer to this information was filed in the justice's court presenting several objections to its sufficiency, only two of which we deem it important to consider : first, because it did not charge the public offense of assault and battery, second, because the name of the person upon whom the offense was said to have been committed, was not given. .

This demurrer was overruled by the justice, and the bill of exceptions shows that upon appeal, the same objections were made and overruled in the District Court.

The information is not objectionable upon the first ground named. The language used is sufficient to indicate that the offense had been committed. It is not required that the information should state in so many words that the defendant was guilty of the offense of an assault and battery. It is the right of a parent to chastise his child, but when such chastisement amounts to cruelty or inhumanity, or where, as the court below charged the jury, the parent or master goes beyond the line of reasonable correction, his conduct becomes more or less criminal.

Cruelly and inhumanly whipping implies an unlawful and willful assault and battery. Any words used in the

information which substantially and plainly set forth the acts of the defendant which amount to an offense, are sufficient.

The second objection is, that the name of the person upon whom the offense was committed is not given. This omission renders the information defective. It would, without doubt, invalidate an indictment, if the state should fail to allege therein upon whom the offense had been committed.

The form of an information, as given in § 5058, of the Revision, seems to contemplate that the act or omission constituting the offense with the venue and names and date, should be stated with as much precision as in an indictment. The defendant should be advised of the name of the person upon whom the assault has been committed, so that he can prepare his defense accordingly.

The information should be so specific that if the defendant is so convicted or acquitted, he could plead such conviction or acquittal in bar of any further prosecution for the same offense.

<div align="right">Reversed.</div>