THE STATE v. ALLEN.

Intoxicating liquor: INFORMATION. An information, under section 1562 of the Revision, which charges "that the defendant on, etc., at, etc., did sell intoxicating liquors *contra formam statute*," without stating to whom the sale was made, is insufficient. The name of the person, if known, to whom the liquor was sold must be stated.

*Appeal from Madison District Court.*

TUESDAY, OCTOBER 24.

ON the 8th day of July, 1870, an information was filed before the mayor of Earlham, accusing the defendant with the offense of selling intoxicating liquors, as follows: "For that the defendant, on the 11th day of June, 1870, at the town of Earlham, in the county aforesaid, did sell intoxicating liquors in violation of the laws of the State of Iowa."

The defendant pleaded "not guilty," was tried, found guilty, fined by the mayor $20 and costs, from which judgment the defendant appealed to the district court where the cause was again tried; verdict of guilty rendered, and the defendant sentenced to pay a fine of $20 and costs; defendant appeals.

*John Leonard* for the appellant.

*Henry O'Conner*, Attorney-General, for the State.

MILLER, J. — The only question presented by the record and urged in argument is, as to the sufficiency of the information upon which the defendant was tried. This question was raised by a motion, in the district court, to quash the information, and also by motion in arrest of judgment after verdict, both of which were overruled.

The particular defect in the information urged by appel-

lant's counsel is, that it does not state or show to whom the defendant sold intoxicating liquors, or that he sold them to any person.

The section of the statute under which the information in this case was framed reads as follows: "If any person by himself, his clerk, servant or agent, shall, for himself, or any person else, directly or indirectly, on any pretense, or by any device, sell, or in consideration of the purchase of any other property, give, to any *other person*, any intoxicating liquors, he shall be deemed guilty of a misdemeanor," etc., etc. Rev., § 1562.

The offense here defined is triable before a justice of the peace on information, and consists of four material facts: First, the person making the sale; second, the fact of sale; third, the thing sold; fourth, the person to whom sold. To constitute the offense some person, either by himself, his servant or agent, for himself or for some other person, must have made the sale. It is essential that there was a sale, or, in consideration of the purchase of other property, a giving. There must be proof that the thing sold was such as the law prohibits, namely — intoxicating liquors — and it is also material that the sale or gift be shown to have been made, in the language of the statute, to "another person," naming him if known.

While the exact words of the statute need not be followed in charging an offense in an indictment, yet the words used must have the same substantial meaning and import, and the material facts which constitute the offense must be stated with such a degree of certainty, in ordinary and concise language, and in such a manner as to enable a person of common understanding to know what is intended, and the court to pronounce judgment upon a conviction according to the law of the case. *State* v. *Cure*, 7 Iowa, 479; *State* v. *Middleton*, 11 id. 246; *State* v. *Hessenkamp*, 17 id. 25; Rev., § 4659. The form of an information, as given in section 5058 of the Revision,

requires that the facts constituting the offense intended to be charged should be stated with as much precision as in an indictment. *State* v. *Bitman*, 13 Iowa, 485. If then any one of the material facts going to make up the offense be left out of the information, it fails to charge an offense, and on judgment can be rendered thereon upon a verdict of guilty. That the sale was made to some "*other person*" is as material as that the thing sold was intoxicating liquor. A sale of intoxicating liquors to some person is the very gist of the offense. The offense can only be defined by charging the person accused with selling intoxicating liquor to another person. The person to whom the liquor has been sold should be named, if known, and, if not known, that fact should be stated. This is necessary to enable the defendant, if convicted or acquitted, to plead such conviction or acquittal in bar of any subsequent prosecution for the same offense. The information in this case is, in these respects, clearly and fatally defective.

Reversed.