## COMMONWEALTH *vs.* BERNARD F. TRAINOR.

Norfolk.   November 26. — 28, 1877.   AMES & LORD, JJ., absent.

On a complaint for selling intoxicating liquor, it is a sufficient statement of the name of the person, to whom the liquor is alleged to be sold, if the name, by which he was generally known at the time of the sale, is given, although he was baptized by a different name.

If, on a complaint for selling intoxicating liquor, the person to whom the liquor is alleged to have been sold, and who testifies to the sale, admits that he went to the defendant's place of business for the purpose of procuring evidence against him, and was paid for it, the defendant has no ground of exception to the refusal of the judge to give an instruction that the evidence of such person should be considered with great care, or to the giving of an instruction that in considering his testimony the jury should have regard to what appeared in the evidence, as to the part he had taken, that when a witness has by words or acts manifested a feeling adverse to the defendant, or, for any cause, might be affected by prejudice, the jury should consider and weigh these facts, and make reasonable allowance therefor, in considering his testimony.

COMPLAINT under the St. of 1875, *c.* 99, charging the defendant with a single sale of intoxicating liquor to " Andrew D Rooney."

At the trial in the Superior Court, before *Dewey*, J., Rooney testified that his name was Andrew D. Rooney, but, upon cross-examination, that he was baptized by the name of Andrew Rooney ; that he was known by that name, and none other, until he arrived at the age of ten years, when he was about to be confirmed in the Roman Catholic Church ; that he then told a priest of that church that his name was Andrew Daniel Rooney, and he was confirmed by the bishop by this last name ; that, since the time of his confirmation, he sometimes gave and wrote his name as Andrew Rooney, and at other times Andrew D. Rooney, but thought he used and wrote his name as Andrew Rooney as frequently as Andrew D. Rooney ; that he changed his name by no process of law, nor by leave of any court.   Rooney also testified, that he went to the defendant's place of business for purpose of obtaining evidence against him, and that he received seventy-five cents for that purpose.

The defendant requested the judge to rule as follows : " 1. A mistake in the name of the person to whom the alleged sale was made is a fatal variance.   2. Rooney should be described in the

complaint by his true christian name, which is Andrew, and not Andrew D. A fictitious christian name is not sufficient. 3. The christian name is that part of one's name which precedes the surname, and it is the name given at the time of baptism. 4. Rooney inserted the letter D. between his surname and his christian name without any legal right or authority whatever, and consequently is not described in the complaint by his true christian name, as the law requires. 5. After a person is christened and baptized by a name, and he adopts and becomes known by that name, and none other, the name by which he was so christened and baptized and known is his true christian name. 6. A person can change no part of his true name only by due process of law. 7. There is a fatal variance between the allegations in the complaint and the evidence as to the true name of the person to whom the alleged sale was made. 8. The testimony of Rooney should be considered with great care by the jury."

The judge gave the first instruction requested, but declined to give the others, and instructed the jury as follows : " A mistake in the name of the person to whom the alleged sale was made is a material and fatal variance. Rooney should be described in the complaint by the name by which he was generally known at the time of the sale alleged in the complaint; the name which was given to him at the time he was baptized is to be taken as originally, and presumed to continue, his name; but if after his baptism he adopts and uses another name by which he is subsequently well known in the community where he resides, prior to and at the time of the alleged sale, it is sufficient if he is described by that name in the complaint. In considering Rooney's testimony, the jury are to have regard to what appears in the evidence, as to the part he had taken in connection with the case. When a witness has by words or acts manifested an intent or feeling adverse to the defendant in any case, or for any cause might be affected by prejudice or bias, the jury should consider and weigh these facts, and make reasonable allowance therefor in considering his testimony."

The jury returned a verdict of guilty, and the defendant alleged exceptions.

*J. E. Cotter*, for the defendant.

*C. R. Train*, Attorney General, for the Commonwealth.

THE COURT                              *Overruled the exceptions.*