## COMMONWEALTH *vs.* WILLIAM MASON.

Bristol. October 23. — 30, 1883. FIELD & W. ALLEN, JJ., absent.

At the trial of an indictment for maintaining a tenement used for the illegal sale of intoxicating liquors, a witness, who testified to seeing sales of such liquors by the defendant to several persons, also testified that he was employed by a certain association to procure evidence of illegal sales of intoxicating liquors. The defendant asked the judge to rule that the evidence of the witness was "to be received with great caution and distrust;" and that the fact that the witness did not fortify his evidence by producing the persons to whom the sales were made, to testify, if he could have done so, detracted from the weight of his testimony, and was "just ground for suspicion of unfairness and of possible corruption." The judge declined so to rule; and ruled that the matters embraced in the requests were proper to be taken into consideration by the jury in weighing the testimony of the witness. *Held,* that the defendant had no ground of exception.

INDICTMENT for keeping and maintaining a common nuisance, to wit, a certain tenement in Taunton used for the illegal sale and illegal keeping of intoxicating liquors, on May 1, 1883, and on divers other days and times between that day and September 6, 1883. Trial in the Superior Court, before *Pitman,* J., who allowed a bill of exceptions, in substance as follows:

One Conlin and two persons named Noyes testified to seeing sales of intoxicating liquor by the defendant to four different persons, on June 8 and June 27, 1883, and one sale to Conlin on the premises; but, on cross-examination, they could give no description of the persons to whom the sales were made. The witnesses also testified that they were employed by the law and order league, an association of persons formed for the suppression of illegal liquor traffic; that one Dudley was the secretary of the league, and employed the witnesses to obtain evidence of illegal sales of intoxicating liquors; that they were paid fourteen dollars each per week, and their travelling and hotel expenses, and, when they bought liquors and cigars in the course of obtaining such evidence, they charged the money thus used as a part of their expenses, and the same was paid for out of the money furnished them by said Dudley; and that they also had their witness fees in cases where they testified. The above was all the evidence of sales. One Peck, a police officer, testified that he had seen the defendant behind the bar on the premises

several times, but could not say that he saw him there either on June 8 or June 27; that he had never been in the building, but that it was a place of common resort; and that he had seen numbers of persons go to and from the place within the time covered by the indictment.

The defendant asked the judge to instruct the jury as follows: "If the witnesses Conlin and the two Noyeses were engaged in the business of procuring evidence of violation of the liquor law for hire and reward, and it is fairly inferable that the permanence of their employment was dependent upon their success in securing convictions, they are interested witnesses, and their evidence is to be received with great caution and distrust." The judge gave the instruction requested except the words, "their evidence is to be received with great caution and distrust," and substituted therefor the following words: "The jury are to take that fact into consideration in weighing their testimony." The defendant also asked the judge to instruct the jury, "If, by fair and reasonable diligence, the witnesses could have fortified their testimony by producing the persons whom they saw illegally buying intoxicating liquors, to testify, and they designedly omitted or failed so to do, it detracts from the weight of their testimony, and is just ground for suspicion of unfairness and of possible corruption." The judge gave the instruction requested except the words, "it detracts from the weight of their testimony, and is just ground for suspicion of unfairness and of possible corruption," and substituted therefor the following words: "That is a proper matter for consideration in weighing their testimony."

The jury returned a verdict of guilty; and the defendant alleged exceptions.

*J. Brown*, (*J. H. Galligan* with him,) for the defendant. In *Commonwealth* v. *Downing*, 4 Gray, 29, a witness testified that he bought liquor of the defendant for the express purpose of prosecuting him for the sale. The defendant asked the judge to rule that such a person "was not a credible witness, and the jury ought not to found a conviction upon such testimony." This was refused, and the judge commented upon the evidence. Upon overruling the exceptions, Mr. Justice Thomas said: "The comments of the presiding judge upon the weight to be given to

his testimony are not matter of legal exception. But we do not wish to be understood as expressing any concurrence with the remarks of the presiding judge. We think he might well have instructed the jury that such testimony was to be received with the greatest caution and distrust." In *Commonwealth* v. *Putnam*, 2 Allen, 301, the defendant having requested an instruction that it was the duty of the jury to disregard such testimony altogether, Mr. Justice Lord instructed the jury " that these considerations went to the credit of the witness, and, if the facts were true, they should look with great caution and distrust upon his evidence." On overruling the exceptions, Chief Justice Bigelow said, " The instructions were clearly right, and substantially in conformity with those suggested by this court, as being appropriate to testimony coming from a person standing in the position in which it appeared that the witness in behalf of the government was placed at the trial of this cause," and cited *Commonwealth* v. *Downing*.

Under such circumstances, the facts having been called to the attention of the court, simply to instruct the jury " to take that fact into consideration," or that it was a " proper matter for consideration in weighing their testimony," was not in accordance with the reason or spirit of the rule which courts have adopted in such cases. The defendant was entitled to some instructions on the point. The statement that a fact might be weighed in considering the testimony is applicable to every fact in the case. It was equivalent to no instructions at all.

*E. J. Sherman*, Attorney General, for the Commonwealth.

BY THE COURT. The instructions given were sufficiently favorable to the defendant, and he has no ground of exception. *Commonwealth* v. *Trainor*, 123 Mass. 414.

*Exceptions overruled.*