State v. Pischel.

THE STATE OF NEBRASKA, PLAINTIFF IN ERROR, V. ANTON PISCHEL, DEFENDANT IN ERROR.

1. **Liquors:** INDICTMENT FOR SALE OF. In an indictment for the sale of intoxicating liquors it is essential that the names of the persons to whom liquors were sold, if known, should be alleged, or the fact of their being unknown should be averred in excuse.

2. ——: ——. In such an indictment it is not necessary to allege the price for which the alleged liquor was sold.

MOTION for rehearing of case *ante* p. 490.

REESE, J.

On a motion for a rehearing, filed by the district attorney, it is suggested that certain questions presented by his brief in the former hearing of this cause were not finally determined, and that such decision is essential in order to a proper enforcement of the law. It is thought expedient to decide the questions suggested without a further hearing or imposing the expense of printing additional briefs.

The first question presented is, whether or not it is necessary in an indictment for selling the prohibited liquors to allege the name of the person to whom the liquors were sold? To this question we answer, Yes. The statute makes each act of selling a crime. It is proper that that act be so described as to identify it from other acts of a similar kind as near as practicable. And this can be best done by giving the name of the vendee if known, or if unknown so alleged. Bishop on Statutory Crimes, section 1037, and cases cited in note 2. Also see *State v. Doyle,* 11 R. I., 574.

The next question presented is, whether or not it is necessary to specify in indictments for what price the liquor was sold. In some states it has been held necessary to so

allege, but the general doctrine and practice do not require this averment.    Id., section 1040, and cases cited in note 3.

It is evidently not necessary in this state under the present law.

REHEARING DENIED.

THE other judges concur.