COMMONWEALTH *vs.* AMOS INGERSOLL & another.

Essex. November 1. — 2, 1887. DEVENS & KNOWLTON, JJ., absent.

At the trial of a complaint for maintaining a tenement used for the illegal sale of intoxicating liquors in G., a witness for the government testified that he had been hired by a person to go to G., and there buy intoxicating liquors, and obtain evidence for the purpose of making complaints for violation of the Pub. Sts. *c.* 100; that, while in G., he bought intoxicating liquors in the tenement named in the complaint; and that he did this for the purpose of prosecuting the defendant. The defendant asked the judge to rule that "the jury are to look upon the testimony of the witness with the greatest caution and distrust." The judge declined so to rule; and instructed the jury in reference to the witness as follows: "Judge him from his appearance, the plausibility of his story, and his relation to the case. Judge of him as you would any other witness. See if he has any motive to falsify. Look at him in all his relations to the case, and say whether upon the whole you believe his story." *Held*, that the defendant had no ground of exception.

COMPLAINT to the Police Court of Gloucester for keeping and maintaining a common nuisance, to wit, a certain tenement in Gloucester, used for the illegal sale and illegal keeping of intoxicating liquors, on July 1, 1886, and on divers other days and times between that day and December 7, 1886. Trial in the Superior Court, on appeal, before *Hammond*, J., who allowed a bill of exceptions, in substance as follows:

The government called as a witness one Thompson, who testified that he lived in Watertown; that he had been hired by a person in Watertown to go to Gloucester, and there make purchase of intoxicating liquors, and obtain evidence for the purpose of making complaints for violation of the liquor law; that, in pursuance of said purpose, he went to Gloucester, and, while there, he purchased intoxicating liquors in the tenement alleged to have been kept and maintained as aforesaid; that he obtained from another person in the defendants' employ certain intoxicating liquors, by purchase; and that he did this for the purpose of prosecuting the defendants under the Pub. Sts. *c.* 100.

The defendants requested the judge to instruct the jury as follows: "The jury are to look upon the testimony of the witness Thompson with the greatest caution and distrust."

The judge declined to rule as requested, but instructed the jury in reference to the witness Thompson as follows: "Judge him from his appearance, the plausibility of his story, and his relation to the case. Judge of him as you would any other witness. See if he has any motive to falsify. Look at him in all his relations to the case, and say whether upon the whole you believe his story."

The jury returned a verdict of guilty; and the defendants alleged exceptions.

*F. L. Evans*, for the defendants.

*A. J. Waterman*, Attorney General, for the Commonwealth.

BY THE COURT. The court was not required to give the instruction requested by the defendants. The weight to be given to the testimony of the witness for the government was for the jury; and the instructions given were sufficiently favorable to the defendants. *Commonwealth* v. *Trainor*, 123 Mass. 414. *Commonwealth* v. *Mason*, 135 Mass. 555.

*Exceptions overruled.*