GEORGE MARTIN V. STATE OF NEBRASKA.

[FILED SEPTEMBER 23, 1890.]

**Liquors:** UNLAWFUL SALE: IN AN INFORMATION for the sale of intoxicating liquors, the names of the persons to whom liquors were sold, if known, should be alleged, or the fact of their being unknown be averred in excuse.

ERROR to the district court for Lancaster county. Tried below before FIELD, J.

*Chas. E. Magoon,* and *J. E. Philpott,* for plaintiff in error, cited, on the contention that the complaint was defective: *State v. Pischel,* 16 Neb., 490, 608; *State v. Doyle,* 11 R. I., 574; Bishop, Statutory Crimes, sec. 1037, and cases cited in note 2.

*Wm. Leese, Attorney General, G. M. Lambertson,* and *H. J. Whitmore, contra:*

The same strictness is not required of a complaint as of an indictment. (*Bayard v. Baker,* 76 Ia., 220; *Kingman v. Berry,* 40 Kan., 625; *Ex parte Maule,* 19 Neb., 273; *Ex parte Eads,* 17 Id., 145; *Parker v. State,* 4 O. St., 565; Bishop, Crim. Pro., sec. 230.) The objection is to the form of the complaint, which can only be made by a motion to quash. (Crim. Code, sec. 440; *State v. Pischel,* and *Parker v. State, supra; Brown v. State,* 16 Neb., 660.) Failing to do so, plaintiff in error waived defects. (Crim. Code, 444.) Even had the objection been in the proper form in the district court, it was too late; the police court was the proper place. (*Dist. v. Rubert,* 17 Wash. L. Rep., 361; 4 Gen. Dig., 494, sec. 88.)

MAXWELL, J.

The plaintiff in error was convicted in the police court of the city of Lincoln of the offense of selling intoxicat-

ing liquor on Sunday. The case was taken on error to the district court, where the judgment of the police court was affirmed. The first objection is that the complaint is defective in failing to state to whom the liquor was sold or that the party was unknown.

The complaint is as follows:

"In the police court of the city of Lincoln, Lancaster county, Nebraska.

"THE STATE OF NEBRASKA
       v.
GEORGE MARTIN.

"THE STATE OF NEBRASKA, } ss.
  LANCASTER COUNTY.

"The complaint and information of Lena Grant, of the county of Lancaster, made before me, A. F. Parsons, judge of the police court within and for the city of Lincoln, Lancaster county, Nebraska, on this 13th day of June, A. D. 1887, who being duly sworn, on her oath says that George Martin, of said last named county and city, on or about the 12th day of June, A. D. 1887, in the county last named, and within the corporate limits of the city of Lincoln, then and there being a person licensed to sell malt, spirituous, and vinous liquors under the ordinance of said city of Lincoln, did unlawfully, by himself or clerk, sell or give away intoxicating liquors, to-wit, several glasses of beer and whisky on said 12th day of June, it being the Sabbath day, commonly called Sunday, contrary to the ordinance in that behalf provided, and against the peace and dignity of the state of Nebraska.

                   "MRS. LENA GRANT.

"Subscribed in my presence, and sworn to before me, this 13th day of June, A. D. 1887.

                   "A. F. PARSONS,
        "Police Judge of the City of Lincoln."

In *State v. Pischel,* 16 Neb., 608, this court held that the names of the persons to whom liquor was sold, if

known, should be alleged, or the fact of their being un-known should be averred in excuse. (Bishop on Statutory Crimes, sec. 1037; *State v. Steedman*, 8 Rich. [S. Car.], 312; *Capritz v. State*, 1 Md., 569; *State v. Faucett*, 4 Dev. & Bat., 107; *Dorman v. State*, 34 Ala., 216; *State v. Walker*, 3 Harr. [Del.], 547; *State v. Jackson*, 4 Blackf., 49; *State v. Allen*, 32 Ia., 491–493; *Wilson v. Common-wealth*, 14 Bush, 159; *State v. Schmail*, 25 Minn., 368–369; *State v. Doyle, supra; Wreidt v. State*, 48 Ind., 579; and see *Commonwealth v. Cook*, 13 B. Mon., 149; *State v. Carter*, 7 Humph., 158; *Commonwealth v. Smith*, 1 Gratt., 553; *Commonwealth v. Taggart*, 8 Id., 697; *Hulstead v. Commonwealth*, 5 Leigh, 724; *State v. Stinson*, 17 Maine, 154; *Commonwealth v. Blood*, 4 Gray, 31; *State v. Nutwell*, 1 Gill, 54; *State v. Cox*, 29 Mo., 475; *Commonwealth v. Trainor*, 123 Mass., 414; *Commonwealth v. Crawford*, 9 Gray, 129; *Commonwealth v. Remby*, 2 Gray, 508; *State v. Wentworth*, 35 N. H., 442.)

The decision in *Pischel v. State* in our view is correct and will be adhered to. A party accused of violating the law by selling or giving away intoxicating liquors on Sunday, and thereby subjecting himself to the penalties of the law and his license to forfeiture, has a right to insist upon a reasonable degree of certainty in the charge as to the persons, if known, to whom the sale was made, so that he may defend against the charge. If, however, such persons are unknown, then, from the necessity of the case, the charge must conform to the fact, and this excuse should be alleged. The information, therefore, is defective in the respect named.

The judgment of the district court is reversed and the cause remanded for further proceedings.

REVERSED AND REMANDED.

THE other judges concur.