## STATE v. BURCHARD.

1.   Under Section 7, Art. 6, of the state constitution, which provides that "in all criminal prosecutions the accused shall have the right  *  *  * to demand the nature and cause of the accusation against him; to have a copy thereof,"—the offense charged in an indictment must be set forth with sufficient certainty to enable the accused to prepare his defense in advance of the trial, to enable the trial court to know that the accused is being tried upon the identical charge passed upon by the grand jury, and to enable the accused to plead his conviction or acquittal in bar of a second indictment.

2.   An indictment which charges the offense as follows:   "That F. B., late of said county, yeoman, on the 1st day of March, in the year of our Lord one thousand eight hundred and ninety-three, at the county of Beadle and State of South Dakota, with force of arms then and there did wilfully, wrongfully, and unlawfully sell intoxicating liquors, to be drank as a beverage, contrary to the statute in such case made and provided, and against the peace and dignity of the State of South

Dakota,"—is insufficient, in that it does not set out the nature and cause of the accusation with that degree of certainty required by Section 7, Art. 6, of the state constitution.

(Syllabus by the court.    Opinion filed Jan. 17, 1894.)

Error to circuit court, Beadle county.    Hon. A. W. CAMPBELL, Judge.

Indictment charging defendant with the offense of selling intoxicating liquors unlawfully.    Defendant was convicted and brings error.    Reversed.

The facts are stated in the opinion.

*T. H. Null,* for plaintiff in error.

Each sale of intoxicating liquors under the statute is a distinct offense, and an indictment for the sale must identify the specific sale so that the defendant may not be indicted for one offense and convicted for another.    The indictment must specify to whom the liquor was sold.    Bishop Crim. Prac. 104; State v. Brooks, 7 Pac. 594; Murphy v. State, 24 Miss. 590; Murphy v. State, 28 Miss. 639; State v. Lund, 30 Pac. 518; Black, Intoxicating Liquors, 437.

*Coe I. Crawford, Attorney General,* and *E. H. Aplin, State's Attorney Beadle county,* for defendants in error.

In indictments under the statute for selling intoxicating liquors it is sufficient in general to allege the offense in the language of the statute; the particulars need not be set up.    U. S. v. Gooding, 12 Wheat. 460; U. S. v. Britton, 107 U. S. 655; Cannon v. U. S. 116 U. S. 55; U. S. v. Mills, 7 Pet. 138; U. S. v. Simmons, 96 U. S. 360; State v. Hafsoos, 47 N. W. 400; People v. Sponsler, 46 N. W. 459; State v. Light, 17 Or. 358.    In such indictments it is unnecessary to aver to whom the intoxicating liquors were sold.    People v. Sweetzer, 1 Dak. Rep. 295; 2 Whart. Crim. Law, Sec. 2445; State v. Adams, 17 Wend. 475; Osgood v. People, 39 N. Y. 449; State v. Gummer, 22 Wis. 422; Rice v. People, 38 Ill. 435; Com. v. Baird, 4 Serg. & R. 141; Black on Intoxicating Liquors, Sec. 464; State v. Brown, 41

La. Ann. 771, 6 S. Rep. 638; State v. Bielby, 21 Wis. 204; State v. Whisner, 35 Kan. 271; State v. Schweiter, 27 Kan. 499; Myers v. People, 67 Ill. 503; Myers v. Ringsted, 51 N. W. 519.

The time when committed is not the material ingredient of the offense of selling intoxicating liquors under the statute, and evidence of any sale within the statute of limitations was admissible. Armington v. Comm. 12 S. E. 224; Savage v. Comm., 83, 582, 5 S. E. 563; State v. Findley, 77 Mo. 338; State v. Wambold, 72 Ia, 468, 34 N. W. 213; New York v. Mason, 4 E. D. Smith, 142; State v. Heinze, 45 Mo. App. 403; State v. Smith, 22 Vt. 74; Sanders v. State, 14 S. E. 570; State v. Chiswell, 15 S. E. 412; Olmstead v. State, 9 So. 737.

CORSON, P. J. The plaintiff in error was indicted, tried, and convicted in the circuit court of Beadle county of the crime of selling intoxicating liquors as a beverage. Omitting the formal parts, the indictment is as follows: ''That Frank Burchard, late of said county, yeoman, on the first day of March, in the year of our Lord one thousand eight hundred and ninety-three, at the county of Beadle, and State of South Dakota, with force of arms then and there did wilfully, wrongfully and unlawfully, sell intoxicating liquors, to be drank as a beverage, contrary to the form of the statute in such case made and provided, and against the peace and dignity of the State of South Dakota.'' On the trial, a witness having been sworn on the part of the state, the counsel for the plaintiff in error objected to the introduction of any evidence under the indictment, upon ''the ground that the facts stated in the same do not constitute a public offense, and upon the further ground that the indictment is indefinite and uncertain, and does not state facts that will enable a person of common understanding to know what is intended.'' The court overruled the objection, to which ruling exception was duly taken. The case was then tried, and a verdict rendered for the state, upon which the accused was sentenced. At the proper time a motion in arrest of judgment was

made, and also a motion for a new trial, both of which motions were overruled, and exceptions taken.

The learned counsel for the plaintiff in error contends that the indictment is insufficient, under the constitution and laws of this state, in that the offense charged is not stated with such a degree of certainty as to enable a person of common understanding to know what is intended, and to enable the accused to properly prepare for his defense. In this contention, we are of the opinion, the counsel is correct. It will be noticed by an examination of the indictment that the accused is charged with the offense of selling intoxicating liquors on the first day of March, 1893. The only statement tending to identify the offense is the time. Time is immaterial, and the proof of a sale at any time within the period of the statute of limitations would be sufficient; so that, in effect, the indictment only charges that the accused sold intoxicating liquors as a beverage within the county of Beadle, at some time within three years prior to the finding of the indictment. Can such an indictment be sustained under the laws and constitution of this state? Section 7, Art. 6, of the state constitution provides that "in all criminal prosecutions, the accused shall have the right * * * to demand the nature and cause of the accusation against him; to have a copy thereof." And Section 7241, Comp. Laws, provides that "the indictment must contain * * * a statement of the acts constituting the offense, in ordinary and concise language, and in such a manner as to enable a person of common understanding to know what is intended." Under these provisions of the law and constitution we are of the opinion that the offense must be set forth with sufficient certainty, not only to enable a person of common understanding to know what is intended, but with sufficient certainty to enable the accused to prepare his defense in advance of the trial, and to enable the trial court to know that the accused is being tried upon the identical charge passed upon by the grand jury when finding the indictment. Tested by these requirements, the indictment

is clearly insufficient. The accused could understand from this indictment that he was charged with the offense of selling intoxicating liquors as a beverage, but to whom, when, and where, it gives him no information. Of what possible benefit would a copy of the indictment be to the accused? What preparation could he make for his defense under it? How could the trial court determine that the offense for which the accused was being tried was the one for which the indictment was found by the grand jury? The only practical method of making such an indictment sufficiently definite and certain is to require it to give the name of the person or persons to whom the intoxicating liquor is alleged to have been sold, if known, and, if unknown, to give some other description of the offense that will identify it. In this connection it is important to notice the fact that the legislature of this state, in adopting the law known as the "Prohibitory Law," which was taken substantially from a similar law in force in the State of Kansas, omitted a material clause contained in the Kansas law, relating to the facts not necessary to be stated in indictments under that act. By Section 21 of the Kansas act as amended in 1885 it is provided that in prosecutions under the act "it shall not be necessary to state the name of the person to whom sold." While Section 22 of the act of this state substantially copies Section 21 of the Kansas act, the clause above quoted is omitted. The omission of the clause was evidently intentionally made for some purpose, and we think it may fairly be presumed it was for the purpose of requiring in this state that the name of the person to whom the sale is alleged to have been made should be stated. We think this is but a reasonable presumption, as we are unable to conceive of any other purpose the legislature could have had in omitting this clause from the statute. There is an irreconcilable conflict in the authorities upon the question under consideration, but we are of the opinion that the cases holding that it is necessary to state the name of the person to whom the sale is alleged to have been made,

or in some other manner to locate or point out the particular offense sought to be charged, are founded upon the better reasoning; and under the laws and constitution of this state we deem it our duty to follow them. We give below a few of the cases in support of the views we have expressed: Martin v. State, 30 Neb. 421, 46 N. W. 618; State v. Pischel, 16 Neb. 608, 21 N. W. 468; State v. Schmail, 25 Minn. 368; State v. Doyle, 11 R. I. 574; State v. Cox, 29 Mo. 475; Com. v. Trainor, 123 Mass. 414; Com. v. Crawford, 9 Gray, 129; State v. Allan, 32 Iowa 491; McLaughlin v. State, 45 Ind. 338; Wreidt v. State, 48 Ind. 579; Dixon v. State, 21 Tex. App. 520, 1 S. W. 448.

We shall not attempt to review the case holding a contrary doctrine, but will call attention to two of them, one from Vermont and one from Kansas, for the purpose of showing that the courts of those states recognize the importance of the observance of the constitutional requirement that we have suggested. In State v. Rowe, 43 Vt. 265, the court says: "It has been ruled in this state that in this class of cases the accused is entitled to a specification of the offenses charged in this general form of complaint. It would seem that this ruling was made with the view of satisfying the provision of the tenth article of the bill of rights of our state constitution, which gives the accused, in all prosecutions for criminal offenses, a right 'to demade the cause and nature of his accusation.'" In that state the legislature has provided a form of complaint quite general in its character, and therefore the courts of that state require the states attorney to give the accused a specification of the offense charged, in order to comply with the constitutional requirement. In Kansas it would seem that certain prosecutions in the district courts of that state in this class of cases are by information filed by the state's attorney, with which is filed the statement of the witnesses upon which the information is based. In the case of the State v. Whisner 35 Kan. 271, 10 Pac. 852, the court in passing upon the constitutional question presented in that case, says: "In this case, however, the defendant has no

reason to complain of being ignorant of the offense he was
called upon to defend. The testimony of the principal wit-
nesses as to sales of intoxicating liquors made by him was re-
duced to writing and filed with the information. Therefore be-
fore the trial began he was notified that John Brockman, whose
name was indorsed upon the information as witness, had testi-
fied "* * * that about the 1st day of May, 1885, John
Games had treated him in the saloon to a glass of whisky."
After the statement of other witnesses as to specific sales, the
court proceeds: "Therefore he was given fair notice of the of-
fenses charged against him, of the kind of intoxicating liquors
sold by him, and when he sold the same and to whom he sold
the same. In this case the letter and spirit of Section 10 of the
bill of rights were complied with, as the defendant was in-
formed of the nature and the cause of the accusation against
him with great particularity." It will thus be seen that in
some manner the requirements of the constitution must be com-
plied with. If the information or indictment does not contain
definite specifications of the charges, the information as to the
nature and cause of the accusation must be furnished to the ac-
cused in some other manner. He cannot be required to go to
trial upon a vague and indefinite charge that conveys no infor-
mation to him that will enable him to prepare for his defense.
But, as our statute has prescribed no particular form for a com-
plaint or indictment, and the proceedings in the circuit court
are by indictment, and no affidavits are filed, we deem it the
better practice to require the indictment to state the offense
with sufficient certainty to meet the constitutional requirement.
This is certainly the evident design of the provisions of our
criminal practice act, and we cannot sanction a practice that
departs from it. The necessity of so identifying a criminal
charge in other classes of cases as to enable the accused to
know the cause and nature of the accusition against him, that
he may intelligently prepare for his defense, to enable the trial
court to know that the accused is being tried for the offense

for which he has been indicted by the grand jury, and to enable ·the accused to plead his conviction or acquittal upon another indictment for the same offense, has been so long recognized that any departure from it would not be seriously urged in an appellate court. Why, then, should an exception be made in the class of cases of which the case at bar is one? We know of no reason for such exception All persons when charged with crime, of whatever nature, are equally entitled to the protection of the constitution, and to invoke the safeguards those provisions have guaranteed to them for their protection. Our conclusions are that the indictment is insufficient, and that the objections of the plaintiff in error to the admission of any evidence under it ought to have been sustained, and that the motion in arrest of judgment should have been granted. The judgment of the circuit court is reversed, and the court is directed to set aside the indictment.