[No. 7099.]

## FEHRINGER V. THE PEOPLE.

1. CRIMINAL LAW—*Information—Requisites.* Every indictment or infor-
mation should allege facts sufficient to identify the particular crime charged
and distinguish it from every other infraction of the same statute, in order
to acquaint the accused with what in particular is charged against him,
enable him to prepare his defense, and protect him against a second prose-
cution upon the same charge (Constitution, art. II, sec. 16). The doctrine
of Langan v. People, 32 Colo. 414, is not to be extended. (4, 5.)

2. —— *Unlawful Sale of Intoxicating Liquors.* Where the offense con-
sists in a sale within a prescribed distance of a particular building, or place,
or by a common dealer, or in keeping liquors for sale, the information need
not set forth the name of any purchaser; but where each sale is a separate
offense, subjecting the offender to a separate penalty, it is essential that
the name of the vendee, or other facts, sufficient to its adequate identifica-
tion, be set forth. (6, 7.)

An information charging merely the sale of intoxicating liquors within
the limits of a city named, ''while it was anti-saloon territory,'' not giving
the name of any purchaser or other facts to identify the charge, affords
the accused no information of what is alleged against him, and is vicious.
Reasons set forth for requiring particularity, where, as in the instant case,
the accused is a licensed pharmacist and the statute allows sale upon the
prescription of a licensed physician. (3, 9.)

3. CONSTITUTIONAL LAW—*Local Option Statute.* The provision of the
Local Option Statute making the master liable for sales by the servant is
not unconstitutional. (16.)

But it seems that either express or implied authority in the servant
must be shown, to render the master liable. (16.)

*Error to El Paso District Court.* HON. J. W. SHEAFOR,
Judge.

Mr. WM. C. ROBINSON, for plaintiff in error.

Hon. FRED FARRAR, Attorney General, Mr. FRANK C.
WEST, Assistant Attorney General, for The People.

Mr. JUSTICE WHITE delivered the opinion of the Court.

A direct information filed by the District Attorney
charged that Adolph Fehringer, at a designated date, in the
County of El Paso, "did then and there wilfully and un-

lawfully sell, barter and exchange intoxicating liquors within the limits of the City of Colorado Springs" while it was anti-saloon territory. The defendant moved to quash the information, for the reason, *inter alia*, that it did not state facts sufficient to charge him with the commission of any offense, and failed to disclose the name of, or give a description of, the person to whom the intoxicating liquor was sold, bartered or exchanged. The court held the information sufficient, and thereupon the defendant interposed a motion for a bill of particulars, concerning the matters and things charged against him in the information, so as to advise and inform him of the name of the person or persons to whom it is claimed he sold, bartered and exchanged the intoxicating liquor, the particular place where he is charged with having sold, bartered or exchanged the same, and the kind and quantity thereof. This motion was also denied. A trial was had to a jury, the defendant found guilty, a motion for a new trial presented and denied, judgment entered in accordance with the verdict, and the defendant brings the matter here for review.

In *Langan v. The People*, 32 Colo. 414, a prosecution for unlawfully selling intoxicating liquor within five miles of a grading camp, the information was held sufficient on motion to quash, though it failed to set forth the name of the person to whom the sale was made. It was held therein, however, that good pleading would require that the name or description of the camp should be set forth in the information, though the case was not reversed by reason of such omission. Clearly, in every information or indictment charging a criminal offense, good pleading requires that sufficient facts be set forth to identify the crime from another infraction of the same law by the same defendant. This would seem essential in order to safeguard the accused against a second prosecution for the same offense, as well as to acquaint him with what he must meet on trial. Indeed, in *United States v. Hess*, 124 U. S. 483, 31 L. Ed. 516,

8 Sup. Ct. 571, it is said: "In an indictment for committing an offense against the statute, the offense may be described in the general language of the act, but the description must be accompanied by a statement of all the particulars essential to constitute the offense or crime, and to acquaint the accused with what he must meet on trial."

Upon the same point, Mr. Bishop, in his work on Statutory Crimes, sec. 1037 (3d ed.), says:

"Where the wrong consists of specific sales, the most ready and apt way of pointing out and identifying the transaction is to give the names of the persons to whom the sales were made. And in the absence of any other adequate identification, such names should, in principle, be alleged if known, or the fact of their being unknown should be averred in excuse. Yet there is a good deal of authority, more in the older cases than in the later ones, to the proposition that the names are not essential. On the other hand, it has been even held that a statute dispensing with this allegation is unconstitutional and void; and, in one way or another, the doctrine which requires the name, or the averred excuse for its omission, is widely maintained. Where the charge is being a common seller, no names of persons to whom sales are made need be set out, for in this offense not even instances of sale are required to be averred."

In every criminal prosecution the accused possesses the constitutional right (sec. 16, art. II) "to demand the nature and cause of the accusation," and it is elementary that in every criminal prosecution the pleading charging the offense must set forth sufficient facts to adequately identify the transaction. Therefore, it is clear that the doctrine of *Langan v. The People, supra,* should not be extended or broadened. The statutes there involved prohibit the sale or *offering for sale* of intoxicating liquors within five miles of a grading camp, but excuse sales made under a license issued by an incorporated town or city, and those made by persons, having a license therefor, who have been estab-

lished in such business within such limits for six months prior to the beginning of the work of construction within such territory.

Indeed, it should be noted, under the statutes involved in that case, that an actual sale is not essential to constitute the offense, and the case, therefore, comes within a well. recognized rule. "To offer" such liquor "for sale" is all that is necessary. Under these circumstances that which is prohibited is, in substantial effect, the pursuit of a particular occupation without a license, or the "keeping of a place" for the unlawful sale of intoxicating liquors. Under such statutes it is not necessary for a single sale to be made or proven to constitute the offense. The offense is complete when one holds himself out to the public as ready and able to do that which is inhibited. Moreover, the offense charged is, under the authorities, sufficiently identified by the particular designated camp or building at, near, or in which the sale takes place. Upon the first point, in *Fletcher v. State,* 2 Okl. Cr. 300, 309, 101 Pac. 599, 602, 23 L. R. A. (N. S.) 581, it is said:

"It is one offense to pursue an occupation, and it is another offense to do a single act. As to the first offense, some courts do contend that it is not necessary to allege the names of the persons to whom sales are made. This proposition can be defended with some show of reason. The offense is complete when a person professes and holds himself out to the public as being engaged in such an occupation. If a person has in his possession such liquors, and offers them for sale, it is not necessary for a single sale to be made or proven; but these reasons do not apply to cases charging a single sale."

While it is uniformly held that the name of the vendee need not be set forth in the indictment or information where the offense consists in selling liquor within a given distance of a particular building, or place, or by a common dealer, or in keeping liquors for sale, etc., the uniformity

of the rule is not maintained where the sales involved constitute separate offenses with a penalty prescribed for each sale, and in decisions thereunder we find some confusion and contradiction. It would seem, however, that the later decisions and best reasoned cases support the doctrine that the insertion of the name of the vendee, *or some other facts sufficient for adequate identification of the offense charged, is essential.  Fletcher v. State, supra.*  Moreover, in our judgment, the rule should be so determined on principle.

In criminal cases the accused has the constitutional right, upon demand, to be informed of the nature and cause of the accusation.  Amendment to the United States Constitution, art. VI; Colorado Constitution, sec. 16, art. II. Now, the nature of a thing is its essential character—that is, the sum of qualities and attributes which makes the thing what it is as distinct from others.  A general allegation that the accused sold intoxicating liquor in a certain city in contravention of law certainly discloses none of the essential ingredients or attributes of the act to distinguish it from any other act of like character.  The aforesaid constitutional provisions are substantially a redeclaration and affirmation of the ancient rule of the common law that no one shall be held to answer to an indictment or information unless the crime with which it is intended to charge him is set forth with precision and fullness, to the end that he may have opportunity to make his defense and avail himself of his conviction or acquittal in a subsequent prosecution for the same cause.  Moreover, it is essential that an adequate identification of the particular offense charged be included in the pleading to enable the court to determine whether the facts alleged are sufficient in law to constitute the acts inhibited by the statute.  We are unable to say that this has been done when the indictment or information fails to set forth any of the particulars essential to constitute the crime.

So, in *State v. Allen*, 32 Iowa 493, it is said:

"If, then, any one of the material facts going to make up the offense be left out of the information, it fails to charge an offense, and no judgment can be rendered thereon upon a verdict of guilty. That the sale was made to some 'other person' is as material as that the thing sold was intoxicating liquor. A sale of intoxicating liquors to some person is the very gist of the offense. The offense can only be defined by charging the person accused with selling intoxicating liquor to another person. The person to whom the liquor has been sold should be named, if known, and, if not known, that fact should be stated. This is necessary to enable the defendant, if convicted or acquitted, to plead such conviction or acquittal in bar of any subsequent prosecution for the same offense. The information in this case is in these respects clearly and fatally defective."

The same doctrine is recognized and applied in the following cases:

*State v. Pischel,* 16 Neb. 608, 21 N. W. 468;

*Martin v. State,* 30 Neb. 421, 46 N. W. 618.

*State v. Ridgway,* 73 Ohio State 31, 76 N. E. 95, 4 Ann. Cas. 94, was under a local option statute substantially the same as that of this state. It is pointed out in the opinion that the charge was not for keeping a place, structure, etc., in which or from which intoxicating liquors were unlawfully sold, but that defendant "unlawfully sold intoxicating liquors within the corporate limits at a certain time to be used as a beverage, without alleging the name of the purchaser." And it was this omission that constituted the sole error necessitating a reversal of the conviction. In the course of the opinion it is said:

"In the case before us the vote of the majority has made the territory within the corporate limits prohibition territory, within which it was and is unlawful to sell intoxicating liquors to be used as a beverage. The charge is not that Ridgway *kept a place* where intoxicating liquors were being sold in violation of law, but that he sold intoxi-

cating liquors within the corporate limits to be used as a beverage, without alleging the name of the buyer or facts excusing the giving of such name.  *  *  *  If Ridgway made such sale, he had a buyer, and if his name was known to the complaining party, it was not only proper, but we think necessary to allege it."

And in *State v. Doyle,* 11 R. I. 574, 575, in overruling the former practice of omitting the name of the purchaser, it is said:

"The only objection made to the complaint is that it does not state the name of the purchaser, nor state that the sale was to some person to the complainant unknown.   The question, then, is whether such an averment is indispensable.

The cases cited for the defendant show that in several states where the question has arisen, it has been held that the certainty required in criminal pleading makes it necessary to name the purchaser, unless his name is unknown, in which case it is permissible to describe him as some person to the jurors or complainant unknown.   *Commonwealth v. Thurlow,* 24 Pick. 374; *Blodget v. The State,* 3 Ind. 403; *Capritz v. The State of Maryland,* 1 Md. 569; *Dorman v. The State,* 34 Ala. 216; *State v. Faucett,* 4 Dev. & B. 107; *State v. Cox,* 29 Mo. 475.   The only decision which we find to the contrary of this is *The People v. Adams,* 17 Wend. 475, decided in 1837.

The decisions rest on the indisputable right of the accused to be charged specifically, so that he may know beforehand what the particular offense is of which he is accused, and be able to prepare his defense; and so also that he may not be accused of one offense and be tried for another; and, finally, so that the record of his acquittal or conviction may be a good bar in case he is again indicted or complained of for the same offense.   It is evident that this right has not been duly respected in the complaint before us.   The offense charged is not so identified as to give the defendant certain information of what in particular she was accused,

nor so but that she may have been tried for one offense when she was accused of another, totally distinct from it. Her right 'to be informed of the nature and cause of the accusation' is a constitutional as well as a common law right, and ought to be carefully guarded and maintained. It is true that even naming the purchaser is not always a perfect mode of identification, but it is the approved mode, and it is perhaps as perfect as any that can be devised.

In this state the practice is to omit the name. This practice has prevailed for more than a generation. We do not know that it has ever been questioned. If it has, it has doubtless been sustained. We should be glad if we could sanction it for pending complaints, but we are declaring the law, not simply for pending complaints, but for them and all others after them, and we do not see how, upon either principle or precedent, the practice can be upheld."

Our own view is that where a statute gives a penalty for each and every unlawful sale, the indictment or information should identify the particular sale by naming the purchaser, if known, or by setting forth some other facts so it may be known what particular sale is charged, in order that the accused may be safeguarded against a second prosecution for the same offense, as well as given an opportunity to prepare for trial. The true doctrine, we think, is tersely expressed in *Alexander v. State*, 29 Tex. 495, 497, quoting from a former decision of the same court, in the following language:

" 'It is not sufficient to aver generally that the defendant did vend spirituous liquors in a quantity of a quart and over,' without stating at whose house or establishment, or to whom the vending took place, or some other fact tending to identify the transaction. This is the true principle of the certainty that is required. 'The transaction' of which the party is accused must be identified with reasonable certainty. The indictment, in a case like the present, should name the person to whom the liquor was sold; or if the

name of the person to whom the liquor was sold was un-known to the grand jurors, then other circumstances, tend-.ing to identify the transaction, should be alleged, so that the accused may know what he will be called upon to answer, and so that, in case of conviction or acquittal, he may be able to plead the judgment in bar of another prosecution for the same offense.' "

Without questioning the power of the general assembly, within certain limits, to prescribe the technical sufficiency of an indictment or information, its power in that regard cannot deprive a defendant of his right to demand and have furnished the nature and cause of the accusation against him. This right is interwoven into the fundamental princi-ples of the common law, embodied in Magna Charta, and guaranteed in both the state and federal constitutions. It is only by the observance of these fundamental principles that the liberty and rights of the citizen may be protected. Unless we observe the forms of law intended for the protec-tion of each and every person accused of any crime what-soever, we will soon imperil the liberty of every citizen. In *United States v. Simmons*, 96 U. S. 360, 24 L. Ed. 819, quoted in *United States v. Hess, supra,* the indictment was for violating certain provisions of the Revised Statutes re-lating to distilled spirits, and one of the questions involved was whether it was sufficient to charge the offense in the words of the statute. The court answered the question in the negative, saying that, "where the offense is purely statu-tory, having no relation to the common law, it is, as a gen-eral rule, sufficient in the indictment to charge the defend-ant with acts coming fully within the statutory description, in the substantial words of the statute, without any further expansion of the matter," but "to this general rule there is the qualification, fundamental in the law of criminal pro-cedure, that the accused must be apprized by the indictment, with reasonable certainty, of the nature of the accusation against him, to the end that he may prepare his defense,

and plead the judgment as a bar to any subsequent prosecution for the same offense. An indictment not so framed is defective, although it may follow the language of the statute."

Bearing in mind these fundamental principles, and considering the statute upon which this prosecution is based, the action of the court in denying the defendant sufficient of the information he sought to adequately identify the offense cannot be upheld. The Local Option Act, chap. 198, Sess. Laws 1907, p. 495, *et seq.*, provides a scheme whereby any town, ward, subdivision thereof, district or precinct in this state may become anti-saloon territory. Section 10 makes it unlawful to sell intoxicating liquors in any quantity whatever therein, except as provided in the act. Section 14 permits a regularly licensed pharmacist or druggist to sell such liquors for exclusively known medicinal purposes in good faith, upon written prescription of a duly licensed physician in active practice, provided that such prescription may be used but once. Section 15 declares that whoever shall by himself or another, either as principal, clerk or servant, directly or indirectly, sell, barter or exchange any intoxicating liquor in any quantity whatever, contrary to the provisions of the act, within the limits of anti-saloon territory, shall for a first offense be punished in a designated way either by fine or imprisonment; and for a second offense or any subsequent violations of the law a different and more onerous punishment is prescribed.

Here is a statute which gives a punishment for each and every offense, and authorizes repeated prosecutions for different sales. Moreover, for each subsequent offense a distinct, different and increased punishment is prescribed. Clearly, a complete and certain identification of the offense charged is essential to protect the substantial rights of the accused. The general and comprehensive language of the charge gave the defendant but little knowledge of the particular case against him which the prosecution expected to

establish by proof; and in preparing his defense, based upon such charge alone, he had nothing but conjecture to guide him. Proof of any sale, either in person or by an employe or servant in any part of Colorado Springs, to any person, of intoxicating liquor, as defined in the act, and at any time within the statute of limitations, would have been sufficient under the general charge in the information to constitute the offense and hold the defendant guilty. Moreover, the statute, by expressly authorizing the sale of intoxicating liquors within anti-saloon territory by all licensed druggists, provided the purchaser, in good faith, first procures a prescription therefor from a registered physician, furnishes an additional reason why it is essential to particularly identify the alleged crime for the commission of which the accused is to answer and defend. The defendant, in the instant case, is a licensed pharmacist or druggist, and by the production of a prescription from a duly licensed physician, as required by the act, upon which the sale was made, he could secure immunity against any groundless prosecution. But how could he know what prescription to produce unless furnished with the name of the purchaser of the liquor, the sale of which constitutes the alleged offense? Moreover, the defendant, as well as the person buying the liquor, may live at a point distant from the place of trial; so may the physician who wrote and signed the prescription upon which the liquor was sold. Must the defendant, in order to be prepared to meet any particular case the prosecution may attempt to prove under the general charge, bring to the place of trial all the prescriptions upon which he may have sold liquor within the eighteen months preceding the date upon which the information was filed? Must he for like purpose subpoena all the physicians, and from whatsoever place they may be found, on whose prescriptions he has sold liquor during such period, as well as the purchasers of such liquor, to the end that he may establish the *bona fides* of the transaction? Again, must he subpoena, and have present,

at the trial, every clerk and servant in his employ, to the end that he may be prepared to meet the case of a sale made by some clerk, if the prosecution seeks to establish a case of that character?

As said in *State v. Ridgway, supra*:

"There is another observation worthy of note in this case. It is said that Ridgway is a druggist and was a druggist when he committed the offense. If he was a regular druggist and sold intoxicating liquors, he is protected if he complied with the rule prescribed in sec. 4364-20c, and made the sale exclusively for known medicinal, pharmaceutical, scientific, mechanical or sacramental purposes. If the sale was made for medicinal purposes, in good faith, upon the written prescription issued, signed, and dated in good faith by a reputable physician in active practice, and used but once, the sale was not unlawful.

If Ridgway was a druggist, as seems to be conceded, there is additional force in the claim that the name of the buyer should appear in the charge against him. A druggist is supposed, if not required, to file and preserve prescriptions which he has filled. When he is confronted with a charge of unlawfully selling intoxicating liquors, to one named in the charge, he is able to speedily ascertain whether he made the sale on the requisite prescription. If the name of the buyer is not alleged, the making of his defense is more difficult. This reason seems to be a very plain and reasonable one. It has received the sanction of two Missouri cases. In *State v. Cassity*, 49 Mo. App. 300, on page 301, the court says: 'The indictment does not in either count state the name of the person to whom the liquor was sold. We held in *State v. Martin*, 44 Mo. App. 45, that an information against a druggist under sec. 4621 of the statutes, which fails to state the name of the person to whom the liquor was sold by him is subject to be quashed on the defendant's motion. We held this on the ground that in the case of a sale the druggist must rest his defense, if he has

any, upon a prescription or prescriptions issued by a regularly registered physician of the state, and if the purchaser of the liquor is not named in the indictment, that defense becomes practically unavailable to him.  That view was approved by the Supreme Court, to which we certified the case for its final determination .* * *.'  The Supreme Court of Missouri reviewed the case of *State v. Martin, supra,* in 108 Mo. 117 (18 S. W. 1005), and held the same doctrine.  For a clear and vigorous statement of the reasons for the rule we refer to the opinion of that court by Thomas, J., on pages 119-120.  They can be adopted here as entirely appropriate.  A brief quotation here is sufficient.  'The statute contemplates that intoxicating liquors may be prescribed by physicians and used for medicinal purposes. Hence, the law authorizes their sale by all licensed druggists, provided the purchaser shall first procure a prescription therefor from a registered physician.  When a druggist is indicted for a violation of this statute, he must rest his defense, if he has any, upon a prescription or prescriptions issued by a regular registered physician of the state. If the purchaser of the liquor is not named in the indictment, how can such a defense be made available to the accused?  Until the defendant is thus advised, how can he make his plea?  How can he prepare for trial?  Under what circumstances can be safely announce himself ready for trial?  With no knowledge of the evidence upon which the state relies for a conviction, must he take with him to the trial all prescriptions filed during the year next preceding the indictment?  And must he also prepare himself with the necessary proof that each prescription was signed by a registered physician?  He may have prescriptions given by physicians in different and distant parts of the state.' "

A prosecution under this statute differs materially in every substantial respect from one where the offense prescribed is selling without a license.  Under the former no license can be issued in order to legalize the sale.  Under

the latter if the proper authority granted a license for the sale, such license would be a complete defense, without regard to the name of the purchaser. The gravamen of the offense thereunder is selling without a license, and the name of the person to whom sales were made or other identifying facts of the transaction would not be so essential, as it would be of no particular benefit to the accused in preparing his defense. The one instrument of authority—the license itself, which legalizes all sales—may be readily produced by the defendant without difficulty. Not so under the statute here involved. Thereunder it is practically impossible, as hereinbefore shown, for the defendant to intelligently make any defense, unless he is furnished with some of the substantial facts sufficient to identify the transaction.

The only other question we deem necessary to notice is the claim of the unconstitutionality of that portion of the Local Option statute making a defendant criminally liable for unlawful sales made by agents, clerks or servants in his employ. We think the objection is untenable. A serious question in a particular case may arise as to whether the evidence is sufficient to warrant a finding of express or implied authority from the defendant, or of his knowledge or consent to the sale. See "Case note.—Criminal responsibility for sale of intoxicating liquor by partner, servant or agent," accompanying *State v. Gilmore,* as reported in 16 L. R. A. (N. S.) 786. This matter, however, may and should be submitted to the jury and controlled in each particular case under proper instructions.

As the court erred to the prejudice of defendant, the judgment is reversed and the cause remanded.

*Judgment reversed.*

Decision *en banc.*

Mr. JUSTICE BAILEY not participating.

CHIEF JUSTICE GABBERT and Mr. JUSTICE SCOTT dissent.