No. 23288.

MUNICIPAL COURT IN AND FOR THE TOWN OF VAIL, COUNTY OF EAGLE, AND RICHARD H. BAILEY, POLICE MAGISTRATE *v.* STEWART H. BROWN.

(488 P.2d 61)

Decided August 30, 1971.

434

PETER COSGRIFF, JOHN W. DUNN, for plaintiff in error.

STEWART H. BROWN, pro se, for defendant in error.

*En Banc.*

MR. CHIEF JUSTICE PRINGLE delivered the opinion of the Court.

THE parties appear here in inverse order from their appearance in the trial court. Defendant in error, Stewart Brown, was summoned to appear in the Municipal Court of Vail, Colorado, on February 7, 1967, and was charged with committing certain acts in violation of the ordinances of the Town of Vail.

Brown appeared on February 13, 1967, and had his arraignment postponed until March 7, 1967. On that date, Brown appeared and objected to the jurisdiction of the municipal court on several grounds. The magistrate overruled these objections and set a trial date.

Brown then filed a complaint in the District Court for Eagle County pursuant to R.C.P. Colo. 106(a)(4) seeking to prohibit the municipal court from proceeding in his case. He contended: (1) that there were no lawfully prescribed rules of procedure in the Vail Municipal Court and it was therefore without jurisdiction to proceed, (2) that charges in municipal court are required to be filed by indictment or information because the statute authorizing the filing of complaints for the violation of

an ordinance does not apply to criminal proceedings, and (3) that if the said statute does apply to criminal proceedings it is unconstitutional because it permits the charging of an accused without informing him of the "nature and cause of the accusation."

A hearing was held, and thereafter, the district court issued the writ of prohibition which Brown had sought. Writ of error was brought here to review that judgment. We are unable to determine from the record upon which grounds the trial court issued the writ and we will therefore treat each of the matters raised by Brown in the trial court.

## I.

New Colorado Municipal Court Rules became effective on April 1, 1970, and appear in C.R.S. 1963, Volume 1 (1970 revision), Chapter 2. The argument that there is no established procedure in the municipal courts is therefore now moot. If Brown's case does finally come to trial, it will be subject to these rules.

## II.

Brown points out that Article II, Section 8, of the Colorado constitution requires that unless otherwise provided by law no charges may be brought against an accused except by indictment or information. He contends that C.R.S. 1963, 139-86-3, which purports to authorize the filing of a complaint in violation of ordinance matters, does not apply to offenses which are criminal in nature. Brown's basic argument on this point is that 139-86-3 was passed before *Canon City v. Merris*, 137 Colo. 169, 323 P.2d 614, was announced by this Court, and was rendered inapplicable to ordinance violations by that decision. We do not agree.

It is true that there was uncertainty before the *Merris* decision as to whether an action for violation of a city ordinance was in nature civil, quasi-criminal or criminal. *Merris* determined that whatever its nature, its effect was to provide a criminal sanction, and therefore the person charged was entitled to the constitutional guar-

antees applicable to the offense there charged. But *Merris* did not repeal nor abrogate statutes concerning such offenses unless such statutes deprived an accused of a right guaranteed to him by the constitution. As we will point out later, we do not believe 139-86-3 in any way violates an accused's constitutional rights, and we therefore hold that this statute was not rendered invalid by *Merris*.

We are aware of the dictum announced in *Durango v. Reinsberg*, 16 Colo. 327, 26 P. 820. To whatever extent the language of the dictum can be read to be inconsistent with the views expressed herein, that language is disapproved.

## III.

█ Since we have determined that 139-86-3 is applicable to ordinance violations criminal in nature, we must now, therefore, proceed to the question as to whether 139-86-3 violates constitutional safeguards with regard to the rights of an accused. Brown contends that it does and points out that the statute provides that "it shall be sufficient to state in the complaint the number of the section and title of the ordinance violated, together with the date of its passage, without stating said section or ordinance in full or the substance thereof." His position is that the statute violates Article II, Section 16, of the Colorado constitution which provides that one accused of a crime shall have the right to "demand the nature and cause of the accusation."

If in fact, 139-86-3 provided that all that was necessary to a valid complaint was the section and title of the ordinance violated, we would agree with Brown, but we do not so read the statute. In our view, the purpose and intent of the statute was merely to permit a simplified method of pleading an ordinance. It was not intended to do away with the mandate of Article II, Section 16, requiring the statement of the nature and cause of the accusation. Complaints must, of course, meet that mandate of the constitution and the statute does not authorize

otherwise. It has always been the rule in this state that a defendant must be advised of the charges against him with enough particularity to enable him to prepare a proper defense and to protect him against being again charged with the same offense. *E.g., Fehringer v. People,* 59 Colo. 3, 147 P. 361.

We point out here that the complaint issued in this case does contain allegations other than the section and title of the ordinance, and does meet the constitutional standard required by Article II, Section 16 and the current tests of Colorado Municipal Court Rules.

The judgment of the trial court is reversed and the writ of prohibition is vacated.