ISELEY *v.* THE STATE.

Where an indictment for gaming charges the defendant with winning or losing with several persons, &c., proof that the winning or losing was with a part of those persons is not sufficient.

An indictment for gaming may be sustained against the person who made the bet, though another person furnished the money.

ERROR to the *Carroll* Circuit Court.

*Wednesday, June 2.*

PERKINS, J.—Indictment for gaming; trial by jury; verdict, guilty; and judgment accordingly. The indictment contains two counts. The first presents " that *Philip Iseley*, late of said county, on the first day of *March*, eighteen hundred and forty-four, with force and arms at the county aforesaid, by then and there unlawfully playing at and betting upon a certain unlawful game and wager commonly called a shooting match, with *Henry Birney, Handel Purcell, George W. Birney*," and several others, naming a part of them, and alleging the names of the others to be unknown, did unlawfully win a certain sum of money, to wit, the sum of five dollars, contrary to the form of the statute, &c. The second count is like the first, except it charges a losing instead of a winning. ·

On the trial, the Court instructed the jury "that it was not necessary for the state, in order to sustain this prosecution, to show that the defendant either won or lost of or to all the persons named in said indictment, but that it was only necessary for her to prove a winning or losing from or to one or more of them." This instruction was wrong. The counts in the indictment charge a joint winning and a joint losing. The proof must correspond.

The Court further instructed the jury "that it was not necessary for the state to prove that the defendant invested his own money in the shooting match, but it was sufficient for her to show that he shot according to the rules of the match, while another person furnished the money to enable him to do so." As the evidence is not upon the record, we cannot judge of the pertinency or correctness of this instruction. It seems to us a case might exist .in which it would be law. If the defendant actually made the bet, we think he might be liable even though another person furnished the money.

*Per Curiam.*—The judgment is reversed. Cause remanded, &c.

*D. Mace* and *A. M. Crane*, for the plaintiff.

*A. A. Hammond* and *J. H. Bradley*, for the state.