FARRELL and Another *v.* THE STATE.

. An indictment for retailing spirituous liquor, charged the sale to have been made by *A.* and *B.* to *C.* The evidence showed that *A.* and *B.* had each sold spirituous liquor by retail to *C.*, at different times, at the same bar and in the same house, but no joint sale was shown, nor that either participated in the act of the other. *Held,* that the indictment was not sustained.

ERROR to the *Vanderburgh* Circuit Court.

DAVISON, J.—This was an indictment against *John Farrell* and *Patrick Boyle* for retailing spirituous liquor without license.

There were two counts in the indictment. The second count was, on motion, properly quashed.

The first count charges, that *Farrell* and *Boyle*, on, &c., at, &c., bartered and sold two gills of spirituous liquor to one *Samuel T. Jenkins*, for the sum of two half-dimes, they, the said *Farrell* and *Boyle*, then and there not having a license, according to the laws in force at the time, permitting them so to do, &c. Plea, not guilty.

The cause was submitted to the Court, and the following evidence was given on the trial, viz.: It was proved by *Samuel T. Jenkins*, that within six months next before the finding of the indictment, he had purchased spirituous liquor, by a less quantity than a quart at a time, from each of the plaintiffs, separately, at the same bar and in the same house; but he never purchased any from both of them; that he did not know that they were partners in the business, at the time he purchased the liquor; but the business of the house and bar in which he bought the liquor was always done in the name of *Farrell*, and he supposed that *Boyle* was hired by *Farrell* to do business for him. It was also proved by the city clerk of *Evansville*, that the business of said house was always done in the name of *Farrell*, and that all licenses granted for vending spirits in that house were granted to *Farrell* alone.

The Court, upon the above evidence, found *Farrell* and *Boyle* guilty. Judgment for the state.

The finding of the Court cannot be sustained. The charge in the indictment is, that the sale of spirituous liquor to *Jenkins* was the joint act of *Farrell* and *Boyle;* while the evidence proves that a joint sale was not made; that the several sales to him were made by them separately, and at different times. Nor was it shown that either of them, in any way, participated in the act of the other.

We think there is a fatal variance between the charge as laid in the indictment and the evidence adduced to support it. 2 Russell on Crimes, 711.

*Per Curiam.* — The judgment is reversed. Cause remanded, &c.

*J. G. Jones,* for the plaintiff.

*D. S. Gooding* and *A. L. Robinson,* for the state.