### BROWN *v.* THE STATE.

CRIMINAL LAW.—*Evidence.*—*Variance.*—An indictment charging an unlawful sale of intoxicating liquors to A. is not sustained by proof of a joint sale to A. and B.

From the Montgomery Circuit Court.

*L. Wallace, G. D. Hurley, J. M. Thompson,* and *W. H. Thompson,* for appellant.

*J. C. Denny,* Attorney General, *A. F. White,* Prosecuting Attorney, and *E. C. Snyder,* for the State.

WORDEN, J.—This was an indictment of the defendant for retailing intoxicating liquor on Sunday. It charges that the defendant, on the 6th day of September, 1874, that being the first day of the week, commonly called Sunday, at, etc., " did then and there unlawfully sell to one James Quinlan, for the sum and price of twenty cents, two drinks of whiskey, the said whiskey being then and there intoxicating liquor."

There was a second count in the indictment, which, on motion of the defendant, was quashed.

The defendant pleaded not guilty, and, upon trial, was convicted, and judgment was rendered on the verdict, over a motion by defendant for a new trial.

During the progress of the case, the court made an order revoking the defendant's permit to sell intoxicating liquor.

On the trial, there was evidence that James Quinlan and John Nolan went into the defendant's saloon on the day named, and drank some whiskey, procured from the defendant, but whether it was sold or given to them was disputed. The court gave the jury the following instruction, which was excepted to by the defendant, viz.:

" If Quinlan and Nolan went into the saloon of the defendant on the Sunday morning in question, and called for whiskey, intending to purchase it of the defendant, and the defendant set it, the whiskey, out to them in the regular course of his trade, intending to make a sale to them, and in pursuance of such mutual intention he delivered the liquor to them, and they accepted it and drank it, this would constitute a sale; and if the refusal of the defendant to take the money was an afterthought, and only induced from the fear of an officer of the law who may have appeared upon the scene, it would, nevertheless, be a sale, and defendant could collect the price of the liquor in an action at law."

This charge, if it has any significance or application to the case, means that the facts enumerated by the court would constitute such a sale as would support the indictment and author-

ize the conviction of the defendant, all other necessary facts being proved. The jury must have so understood it. The court will not be presumed to have intended to announce a mere abstract proposition, having no application to the case. The charge is erroneous, in this, that it assumes that proof of a sale made by the defendant to two persons will sustain an indictment for a sale to one of them. A sale to two persons is a very different thing from a sale to one of them. *Iseley* v. *The State*, 8 Blackf. 403.

"Wherever an obligation is undertaken by two or more, or a right given to two or more, it is the general presumption of law that it is a joint obligation or right. Words of express joinder are not necessary for this purpose; but on the other hand, there should be words of severance, in order to produce a several responsibility or a several right." 1 Parsons Con. 11.

We need not here trace out all the differences between a contract with one person only as the party of the one part, and a joint contract with two or more persons as the party of the one part. Nor need we discuss the consequences that flow respectively from each of such classes of contracts. They are so unlike, that if one joint contractor sue alone, others being alive, he must fail upon the trial. And if one joint contractor be sued alone, he may plead the non-joinder of the others in abatement; or, if it appear by the declaration that there are other joint contractors alive who are not sued, he may demur, or he might at common law have moved in arrest of judgment, or have sustained a writ of error. 1 Chitty Pl. 46.

For the error in the charge given, the judgment must be reversed.

This view renders it unnecessary for us to examine the regularity of the order revoking the defendant's permit.

The judgment below, as well as the order revoking the appellant's permit to sell intoxicating liquors, is reversed, and the cause remanded for a new trial.

Opinion filed May term, 1874; petition for a rehearing overruled November term, 1874.