## STATE v. WILLIAMS.

Under an indictment charging an illegal sale of intoxicating liquor to several persons jointly, defendant cannot be convicted of an illegal sale to but one of the persons named.

(Opinion filed, May 9, 1906.)

Appeal from Circuit Court, Brookings County. Hon. GEORGE H. MARQUIS, Judge.

G. A. Williams was convicted of illegally selling intoxicating liquor, and appeals. Reversed.

*Olaf Eidem,* for plaintiff in error.　*Philo Hall, Atty. General, Aubrey Lawrence, Ass't Atty. General,* and *J. P. Cheever, Acting State's Attorney,* for the State.

FULLER, P. J. Upon proof confined by the court to an unlawful sale of intoxicating liquors in quantity less than five gallons to Herman Vandry, plaintiff in error, a registered pharmacist, was tried and convicted under an information sufficient as to time and place, and possessing the requisite degree of certainty to charge the accused with a joint sale to U. Cochrane, John Hogan, Frank Hultz, W. E. Totten, Chas. Replogle, and Herman Vandry and, the question being properly saved for review, we must now determine whether there is a fatal variance between the evidence and the allegations of the information.

In the case of State v. Burchard, 4 S. D. 548, 57 N. W. 491, a judgment convicting the defendant of the crime of selling intoxicating liquors unlawfully was reversed for the sole reason that the purchaser was not named in the indictment, and it has been quite uniformly held by courts entertaining a contrary view that when the person to whom the sale was made is unnecessarily named, the proof must correspond with that allegation. Black on Intoxicating Liquors, 517. Of course there can never be a sale in any traffic without a purchaser, and he is so connected with the vendor of intoxicating liquors that no unlawful sale can be charged in a manner to constitute a public offense without naming him or otherwise identifying the transaction so that the accused may know whether to plead guilty or prepare to defend and, in case of a conviction or acquittal, be able to plead the judgment in bar of another prosecution for the same offense. The view that the name of the purchaser is essential to a sufficient description of the offense is sustained by the great weight of authority, and the elementary rule that the proof must correspond with the pleadings is applicable alike to civil and criminal actions. State v. Shanley (S. D.) 104 N. W. 522. While the accused might have prepared to repel the suggestion that he ever participated in a sale of intoxicating liquors to the six persons named, no opportunity was given him to produce

such evidence and all that was offered on the part of the state was testimony tending to prove him guilty of an offense not charged in the information.

In determining the effect of omitting the name of the purchaser, Judge Corson, speaking for the court in State v. Burchard, supra, used the following language: "Can such an indictment be sustained under the laws and Constitution of this state? Sec. 7, art. 6, of the state Constitution, provides that, 'in all criminal prosecutions, the accused shall have the right * * * to demand the nature and cause of the accusation against him; to have a copy thereof.' And sec. 7241, Comp. Laws 1887, provides that the 'indictment must contain * * * a statement of the acts constituting the offense, in ordinary and concise language and in such a manner as to enable a person of common understanding to know what is intended.' Under these provisions of the law and Constitution we are of the opinion that the offense must be set forth with sufficient certainty, not only to enable a person of common understanding to know what is intended, but with sufficient certainty to enable the accused to prepare his defense in advance of the trial, and to enable the trial court to know that the accused is being tried upon the identical charges passed upon by the grand jury when finding the indictment. Tested by these requirements, the indictment is clearly insufficient. The accused could understand from this indictment that he was charged with the offense of selling intoxicating liquors as a beverage, but to whom, when and where, it gives him no information. Of what possible benefit would a copy of the indictment be to the accused? What preparation could he make for his defense under it? How c uld the trial court determine that the offense for which the accused was being tried was the one for which the indictment was found by the grand jury. The only practical method of making such an indictment sufficiently definite and certain is to require it to give the name of the person or persons to whom the intoxicating liquor is alleged to have been sold, if known, and, if unknown, to give some other description of the offense that will identify it."

So, in this case, the specific act of which the state complained was a joint sale to six persons named, and a copy of the information would advise the accused that he was called upon to answer,

either by showing that such particular transaction was of a character sanctioned by the statute or that the sale was not made, but he had no means of knowing that at the trial he would be required to defend against a sale made of Herman Vandry alone, and at a time when neither of the other alleged purchasers were present. Even in states where it is deemed unnecessary to name the person to whom the sale was made it is held that such averment when made becomes essential, as descriptive of the offense charged, and where two persons are named as purchasers and the evidence is of a sale to but one of·them the variance is fatal to a conviction. Tyler v. State, 69 Miss. 395, 11 South. 25; Brown v. State, 48 Ind. 38. The headnote, fully sustained by the opinion, in Farrel v. State, 3 Ind. 573, is as follows: "An indictment for retailing spirituous liquor charged the sale to have been made by A. and B. to C. The evidence showed that A. and B. had each sold spirituous liquor by retail to C., at different times, at the same bar and in the same house, but no joint sale was shown, nor that either participated in the act of the other. Held, that the indictment was not sustained." See. also, People v. Huffman, 24 App. Div. Rep. (N. Y. 233, 48 N. Y. Supp. 482.

The one act charged being the unlawful sale of intoxicating liquors to these six persons, the only question presented by the information and plea of not guilty was whether such joint sale was actually made. Granted that the accused at the time mentioned sold something less than five gallons of intoxicating liquors to the purchasers named, the presumption that the sale was lawfully made for a medicinal, mechanical, scientific, or sacramental purpose would of necessity prevail, unless overcome by competent proof beyond a reasonable doubt. The variance between the information and proof is fatal, and no other assignment of error requires attention.

The judgment of conviction is reversed.