STATE, Respondent, v. JULIUS, Appellant.

(137 N. W. 590.)

1.  **Intoxicating Liquors—Sale by Registered Pharmacist.**
    Section 2860, Pol. Code, as amended by Laws 1907, Chap. 176, relating to sale or giving away of intoxicating liquors by registered pharmacists, forbids the selling or giving of intoxicating liquors to be drank as a beverage anywhere by a registered pharmacist, and also the selling or giving of such liquors to be drank on the premises, as a beverage or otherwise.

2.  **Intoxicating Liquors — Information — Joint or Several Sales — Demurrer.**
    An information alleging a sale of intoxicating liquors to S. "and others," was improper, in that it failed to allege who the "others" were, or, if not known, that they were unknown. Rev. Code Crim. Proc., Sec. 222, 272, subsec. 2. But in absence of a demurrer based on said statute other than the general demurrer interposed, the information was sufficient to support a conviction on proof, of a joint sale.

3.  **Intoxicating Liquors—Conviction for Joint Sale—Information.**
    Under an information charging an illegal sale of intoxicating liquors to several persons jointly, defendant cannot be convicted of an illegal sale to one only of the persons named.

4.  **Criminal Law—Sufficiency of Evidence—Contradictory Witnesses.**
    Where a witness testified positively on his own knowledge to purchasing beer from defendant, a registered pharmacist, to be drank on the premises on a specified occasion as alleged in the information, a conviction will not be reversed, although

two other witnesses for the state contradicted him, and his credibility was attacked by three apparently disinterested citizens.

5. **Criminal Law—Misconduct of State's Attorney—No Exceptions.**
    Alleged misconduct of State's Attorney is not reviewable on appeal, where the statement of facts in record fails to show timely objections or exceptions thereto.

6. **Criminal Law—Misconduct of State's Attorney—Curing Error.**
    Alleged misconduct of state's attorney was cured, where jury were instructed to disregard all statements made by him not supported by the evidence.

(Opinion filed October 1, 1912. Rehearing denied January 6, 1913.)

Appeal from Circuit Court, Grant County. Hon. FRANK McNULTY, Judge.

Defendant, E. D. Julius, was convicted of violating the liquor law relating to sales by a registered pharmacist; from which judgment and from an order denying a new trial he appeals. Affirmed.

*Thos. L. Bouck,* for Appellant.

The information was filed under Section 2860 of the Revised Political Code of 1903, as the same was finally amended by Chapter 176, page 365, of the Laws of 1907. This section makes it unlawful for a registered pharmacist to sell or give away liquors to be drank upon the premises or (to be drank) in a room or place adjoining the premises. In other words, there are two separate and distinct matters mentioned as being unlawful, each of which constitutes an offense under this law.

A careful examination of the information shows that an attempt has been made to charge the appellant with the commission of both said offenses, while, at the same time, the information is not sufficiently definite and certain to charge either offense, in ordinary and concise language, and in such manner as to enable a person of common understanding to know what was intended. Section 222, Code of Criminal Procedure; State v. Butcher, 1 S. D. 401; State v. Burchard, 4 S. D. 548; State v. Williams, 20 S. D. 492.

It is charged "that appellant wrongfully, unlawfully and knowingly sold and disposed of intoxicating liquors to various and sundry persons, namely Paul Seim and others, who then and there did drink said intoxicating liquors upon the premises or in a

room adjoining the premises of said defendant." The charge as set forth in the information is indefinite and uncertain as to the place where said liquors were alleged to have been sold. State v. Seeger, 65 Kan. 711, 70 Pac. 599; Slover v. Territory, 50 Okla. 506, 49 Pac. 1009; Clifford v. State, 29 Wis. 327.

It states that appellant sold and disposed of liquors "to sundry persons, namely Paul Seim and others." If the information was sufficient in other respects, evidence of a sale to Paul Seim might be admissible, but it was entirely insufficient as to sales to other persons. State v. Burchard, supra, 4 S. D. 492; State v. Fletcher, (Okla.) 101 Pac. 599, 23 L. R. A. (N. S.) 581.

These questions were raised by demurrer to the information, and also by objection to the introduction of evidence under the information, and appellant should not have been compelled to go to trial under an information so indefinite and uncertain as the one in this case.

If the information charged anything, it charged a sale of liquors to Paul Seim on or about the 13th day of September, 1911. The words, "and others" had no force or effect whatever, for the reasons hereinbefore stated, and no evidence could rightfully be introduced under them.

In State v. Williams, supra, the rule as to variance is clearly and correctly stated as follows:

"Under an indictment charging an illegal sale of intoxicating liquor to several persons jointly, defendant cannot be convicted of an illegal sale to but one of the persons named."

There is also a variance as to the time. The witness Seim swears positively that appellant sold liquor on September the 13th to himself and the other persons mentioned, while the witness Orman states positively that he was not in Albee on the evening of the 13th, and that he was in the store of the appellant on the 14th. As above contended, some certain and definite time must be relied upon in prosecutions of this kind, as each sale, if made, would constitute a separate and distinct offense, and a conviction could not be sustained unless the state elected upon which date it would rely, because it would be impossible to plead the judgment in bar to another prosecution. A case where each sale is a

separate offense must not be confounded with offenses that are continuing, such as maintaining a liquor nuisance, or sales without a license.

The evidence of the witness Seim for truth and veracity is impeached by three disinterested, reputable business men of Albee, all of whom swore that his reputation was bad, and that they would not believe him under oath. Two of these witnesses, viz.: Wm. Bunting and Gilbert Engebretson, were persons whose names the state had placed on the information as witnesses, but not used.

The evidence is undisputed that the witness Seim was drunk at the time he claimed to have bought beer of appellant. This was shown on the part of state, which condition incapacitated him to make an intelligent and truthful narration of what did happen.

"Where the correctness of the verdict depends upon the credibility of witnesses, it should seldom be disturbed. If, however, the conclusion of the jury appears to have been arbitrary or capricious, or the jury plainly disregarded the uncontradicted testimony of a witness, who was not impeached or discredited, even though he was a party to the action, a new trial will be granted. 29 Cyc. 830.

It was held to be an abuse of discretion for the trial court to refuse a new trial where a party to an action was contradicted by four disinterested witnesses. McCoy v. Milwaukee St. Ry. Co., 82 Wis. 215, 52 N. W. 93; Lee v. Ry. Co., 101 Wis. 352, 77 N. W. 714; Chicago, etc., Ry. Co. v. Stumps, 69 Ill. 409; Chavias v. Dry Dock, etc., R. Co., 70 N. Y. Suppl. 1014.

Where an application for a new trial has been made to the trial court and refused, the appellate court will not require as strong a showing to reverse the trial court as where a new trial has been granted. Grant v. Grant, 6 S. D. 147; Clifford v. Latham, 19 S. D. 376.

The state's attorney exceeded the limits of his duty as an officer to such an extent that the defendant did not have a fair trial.

The same legal principles apply where the conduct of the prosecutor consists in making statements in his' address to the jury that are not warranted or sustained by the evidence. The affidavit of the defendant submitted upon his motion for a new trial, and set forth in full in this brief, pages 24-6, shows that the state's attorney continued his course of referring to immaterial matters, with the evident intention and purpose of prejudicing the interests of the defendant. Nearly every statement shown in said affidavit related to matters that were then objected to. State v. Kaufmann, 22 S. D. 439; Chicago City R. Co. v. Gregory, 221 Ill. 591.

No claim is made that the learned state's attorney was actuated by wrongful or improper motives in the conduct of this trial. He had a weak case, and his zeal to secure a conviction caused him to go too far.

In Reply.

The learned Attorney General commences respondent's brief by referring to section 2860, Pol. Code, as amended, and says that counsel in appellant's brief has misstated the law, and, "that counsel must have known this and purposely ommitted the words 'used as a beverage,' else, why did he omit them?" He makes the further statement that, "it is not an offense under this section to sell or give away intoxicating liquor to be drank upon the premises, unless, it is to be used as a beverage."

The statute reads:

"And it shall be unlawful for any registered pharmacist to sell or give away any intoxicating liquors whatever to be used as a beverage or drank upon the premises or in a room or place adjoining the premises."

*Royal C. Johnson,* Attorney General, *M. Harry O'Brien,* Assistant Attorney General, and *Thad. L. Fuller,* for Respondent.

Counsel for appellant has misstated the law. This section (2860, Political . Code), makes it "unlawful for any registered pharmacist to sell or give away any intoxicating liquors whatever to be *used as a beverage."* State v. Dunning, 14 S. D. 316, 85 N. W. 589.

It is not an offense under this section to sell or give away intoxicating liquors to be drank upon the premises, unless it is to be used as a beverage, for this same section provides that it shall be lawful for any registered pharmacist to sell spirituous or vinous liquors in certain cases, and it was not the intention of the legislature, in passing this section, to make it "unlawful for a registered pharmacist to sell or give away liquors to be drank upon the premises," unless used as a beverage, and, in proper cases, intoxicating liquors may be sold to be drank upon the premises, or the section would be in irreconcilable conflict.

The additional words of this section, "or drank upon the premises or in a room or place adjoining the premises," are used in this connection as descriptive and explanatory of what precedes, and the information is sufficient if it follows the language of the statute. All such allegations will be considered as charging but a single offense, for which there may be but one conviction and one punishment, as for one offense. 23 Cyc. 217, 218; Black on Intoxicating Liquors, Sec. 439; State v. Dixon, 104 Iowa, 741, 74 N. W. 692.

This purported allegation does not charge an offense under section 2860 Pol. Code. There is no offense, under this section, charged in the information from the beginning down, to and including the allegation as to where liquor was to be drank, but the ingredients of the offense are charged in the immediately following allegation, "and the said defendant did then and there sell and dispose of said intoxicating liquors for the purpose of allowing said intoxicating liquors to be drank in the premises as a beverage, etc." This last allegation is the gist of the offense and the substance of the information. It is the only offense charged for the reason that the prior allegations do not allege that said liquor was to be used as a beverage.

The words "and others" are not surplusage. On the other hand the allegation of a sale to "Paul Seim and others" charges a joint sale and one transaction. State v. Williams, 20 S. D. 492, 107 N. W. 1067; People v. Huffman, 24 N. Y. App. Div. 233, 48 N. Y. S. 482; People v. Schmidt, 19 Misc. (N. Y.) 458,

44 N. Y. S. 607; Storrs v. State, 3 Mo. 9; 23 Cyc. 260, note page 233; State v. Finan, 10 Iowa, 20.

It is not necessary that a joint sale be established. There is evidence establishing a sale to Seim. If the witness Seim participated in the transaction, and the evidence discloses he did, the facts amount in law to a sale or gift under the statute. Black on Intoxicating Liquors, 503.

. The evidence is, substantially, that beer was sold to Paul L. Seim as charged in the information. No witness denied that Seim drank beer on that occasion. They merely stated that they did not know what Seim had.

In addition, the facts disclosed by the evidence are such as may amount in law to a sale of intoxicating liquor to Seim, Redman and Orman. Proof of a sale by circumstantial evidence may be so strong as to justify a jury in disregarding the positive assertion of defendant and witnesses that the liquor sold by defendant was not intoxicating. Black on Intoxicating Liquors, 332.

Clearly there was no material variance as to the date of sale. Since there were no other sales alleged or proved, there would be no material variance in finding this sale to have occurred on the 14th. It might have occurred any time before the information was filed, and within the period of limitations, and not be a variance.

The evidence is sufficient to sustain the verdict. The testimony that Paul Seim was sold beer on that occasion is not denied, except by the defendant, himself, an interested party, and this evidence of a sale of intoxicating liquor is firmly established in the state's case.

Counsel has used several pages of his brief in discussing a phase of the case which is not before this court for review, namely, immaterial questions asked by the state's attorney. There is no assignment of error definite enough to raise this proposition in this court. The questions and rulings are not set out and the court will not undertake to explore the record to dig up and substantiate the particular question and ruling discussed in the brief of ap-

pellant.  Kelley v. Pierce, 16 N. D. 234, 12 L. R. A. (N. S.) 180, 112 N. W. 995.

The alleged erroneous questions and rulings thereon should all be incorporated in the assignment of error.  The appellate court does not examine the transcript except when a proposition is disputed by the briefs of both parties.  State v. Doran, (S. D.) 134 N. W. 53.

The rule of practice is firmly settled that, in order to secure a review by an appellate court of improper argument by counsel in trial court, the opposing counsel must interpose an objection, or preserve an exception.  7 A. & E. Ann. Cas. 229, note; State v. Cleveland, 23 S. D. 335, 121 N. W. 841; State v. Chapman, 1 S. D. 414, 10 L. R. A. 432, 47 N. W. 411.

Again, these particular questions and rulings are not incorporated in appellant's abstract, or statement of facts, and no hint whatever is contained in the record on appeal as to what questions are alleged to be erroneous.  State v. Doran, supra.

A mere exception to a statement made by opposing counsel in his argument to the jury is insufficient to preserve the question for review on appeal, when the trial court is not requested to act in the matter.  Taylor v. M. W. of America, 7 A. & E. Ann. Cas. 607; Grantz v. Deadwood, 20 S. D. 495, 107 N. W. 832.

Misconduct of counsel in his remarks to the jury is not ground for reversal where upon objection to them at the close of the argument the court instructed the jury that there was no evidence as to such statements and that they must be disregarded. Lund v. Upham, 17 N. D. 210, 116 N. W. 88; Wharten's Cr. Pl. & Pr., Sec. 577, 853; Thompson on Trials, 963-964; 12 Cyc. 573-575; Holder v. State, 58 Ark. 473, 25 S. W. 279; State v. Greenland, (Ia.) 100 N. W. 341.

In regard to the second phase of this matter, the state's attorney's argument to the jury, we find that most of these remarks were sustained by the evidence, and where the evidence is sufficient, immaterial and technical errors should be disregarded. State v. Pirkey, 24 S. D. 533, 124 N. W. 713; Gallagher v. People, (Ill.) 71 N. E. 842.

The court proceeds by citing five Illinois cases, and Thompson on Trials at Sec. 964. Hatchell v. State, 84 S. W. 234; Bemmengfield v. Commonwealth, (Ky.) 22 S. W. 1020; State v. Barrington, (Mo.) 95 S. W. 235.

HANEY, J. The defendant, having been convicted of violating the statute relating to the selling of intoxicating liquors by a registered pharmacist, removed the record of such conviction to this court for review by an appeal from the judgment of the circuit court imposing a fine of $200, and from its order denying his application for a new trial.

[1] Section 2860 of the Revised Political Code, as amended, has these provisions: "It shall be lawful for any registered pharmacist owning and conducting a pharmacy, whose certificate of registeration is in force, to sell spirtuous or vinous liquors for medicinal, mechanical, scientific and sacramental purposes only. And it shall be unlawful for any registered pharmacist to sell, or give away any intoxicating liquors whatever to be used as a beverage or drank upon the premises or in a room or place adjoining the premises. * * * Any registered pharmacist who shall sell or in any manner dispose of said intoxicating liquors for any other purpose than authorized in this section or allow intoxicating, brewed or fremented liquors to be drank upon the premises or in any room or place adjoining these premises shall be, upon conviction thereof, fined not less than one hundred dollars nor more than three hundred dollars." Laws 1907, c. 176. Whether this section prescribes more than one offense need not be considered; the information not having been attacked on the ground that it charges more than one offense. Whatever may be the full scope of the amended statute, it clearly forbids the selling and giving of intoxicating liquors to be drank as a beverage anywhere, and the selling and giving of such liquors to be drank on the premises, as a beverage or otherwise. Therefore it was a crime at the time alleged in the information for a registered pharmacist to furnish any one with intoxicating liquors to be drank upon the pharmacist's premises. The allegations of

the information are, in substance, that the defendant, then and there a registered pharmacist, at the town of Albee, in Grant county, on September 13, 1911, did sell and dispose of intoxicating liquors to "Paul L. Seim and others," to be drank upon the defendant's premises. These facts certainly constitute the offense charged, provided the allegation relating to the persons receiving the liquor is sufficient.

[2] If the pleader intended to allege a sale to Seim alone, he should have omitted the words "and others." If he intended to allege a joint sale to Seim and others; he might better have named the others, if known, or, if not known, have used the words, "and certain other persons whose names are to the informant unknown." In this class of cases the information should state to whom the liquor was furnished. State v. Burchard, 4 S. D. 548, 57 N. W. 491. An information should be direct and certain as to the particular circumstances of the offense charged when they are necessary to constitute a complete offense. Rev. Code Crim. Proc. § 222.

[3] Under an information charging an illegal sale of intoxicating liquors to several persons jointly, the defendant cannot be convicted of an illegal sale to but one of the persons named. State v. Williams, 20 S. D. 492, 107 N. W. 830. The information in the case at bar cannot be construed as alleging a sale or gift to Seim alone because it expressly states that the liquor was furnished to "Seim and others." Clearly it states a joint sale to more than one person.

Whether it should have been more direct and certain as to all the persons connected with the joint sale is a question not raised by the defendant's demurrer or his objection to the introduction of any evidence. To raise that question, he should have demurred as in State v. Burchard, supra, on the ground that the information does not substantially conform to the requirements of the Code of Criminal Procedure as to certainty regarding the particular circumstances of the offense charged. Rev. Code Crim. Proc. §§ 222, 272, subsec. 2. It follows that the larned circuit court did not err in overruling defendant's demurrer and objection to

any evidence on the ground that the facts stated in the information did not constitute a public offense.

[4] Though there is some conflict as to whether it occurred on September 13th or 14th all the evidence tending to prove a sale relates to one transaction, concerning which Seim, called as a witness for the state, testified: "It was in the evening between 9 and 10 after the saloon had closed. Mr. Arthur' Orman and Carl Redman were there at that time. The defendant was there. The three of us entered the front door of the store at the same time. After entering, we went through the store to the room back of the prescription case. The defendant came in with us. The first thing we done was taking out a bottle of beer and drank it, and another was bought, and that was drank. Mr. Redman paid for one bottle I guess 25 cents. He paid the defendant, Mr. Julius. He took the money. Mr. Orman paid for the other bottle. After it was paid for, we drank it. We poured it into glasses. I drank a portion of it, and they drank their share. I know what beer is. This was an intoxicating liquor that we drank. Julius did not treat us to liquor at that time. We stayed in the room about half an hour." Arthur Orman, a witness for the state, having sworn he was present at the time alluded to by Seim, was asked, on direct examination, "Did you drink beer there that time?" and answered, "No." He further testified on direct examination: "I do not know that Redman drak. I had pop. I do not know what Seim had. It did not have the appearance of beer to me. He had a small bottle about like a pop bottle. It was not a pint bottle. A pop bottle don't hold a pint. I mean to say that I had a pop bottle. I do not remember what Seim had. Redman had pop. It was in a bottle, an ordinary pop bottle. I direct examination: "I do not know that Redman drank. I had The appearance of what he had was pop. Seim appeared to be intoxicated. He is a fellow that uses liquor to some extent. I take a drink of beer now and then myself. I never saw Redman drink beer." Carl Redman, the only other witness for the state, testified: "Julius came back and got three bottles when we called for it. He handed out pop. Seim appeared to have pop the same as we

.had. The same kind of a bottle; yes, sir. I mean by pop that it is an intoxicating drink so far as I know. I did not taste any-think they had. The bottles appeared the same. I never drank intoxicating liquors of any kind, and Arthur Orman did not appear to be intoxicated that day." On cross-examination Redman testified as follows: "I was not intoxicated on the 13th or at the time I was in the store. I had not drank intoxicating liquors before that day. Q. You stated, as I understand you, that this was an intoxicating drink you got. Did you mean to state that it was something that would intoxicate you that you got there? A. No, Sir. Q. Did you mean an intoxicating or nonintoxicating? A. nonintoxicating. Q. You know what pop is? A. Yes, sir. Q. You know what beer is? A. I have tasted beer. Q. This was pop you got? A. Yes, sir. Q. It was not beer? A. No, sir. Q. And Seim drank the same as you and Orman? A. His bottle appeared to be the same." The defendant swore that what he sold was pop. It clearly appears that Seim was intoxicated Three witnesses testified that Seim's reputation for truth and veracity was bad.

While this court might not find, upon the evidence in 'the record on this appeal, that the liquor involved was beer, it cannot disturb the verdict for the reason that Seim swore positively regarding a fact within his own personal knowledge, and the jury were at liberty to believe his testimony notwithstanding it was contradicted by two witnesses for the state, and his credibility was attacked by three apparently disinterested citizens of the community in which he resided. There was no substantial variance, because, as heretofore shown, the information alleged a joint sale, and there was evidence tending to prove a joint sale—a single transaction constituting the crime charged.

[5] The alleged misconduct of the state's attorney is not reviewable, for the reason that the "statement of facts" in appellant's brief fails to disclose any timely objections or exceptions thereto.

[6] Moreover, the original record, should it be consulted, would show that the jury were instructed to disregard all state-

ments of the state's attorney not supported by the evidence, and, in view of all the circumstances, the conduct of the prosecuting officer was not such as to justify the conclusion that the jury would or did disregard the court's instructions.

The judgment of the circuit court is affirmed.