STATE, Respondent, v. ALFSON, Appellant.

(210 N. W. 721.)

(File No. 6209.     Opinion filed November 20, 1926.)

1.  **Criminal Law—Sustaining Objection to Question Relative to Ownership of Shirt in Which Liquor Was Hidden Held Not Prejudicial.** ·

    Sustaining objection to question as to whether shirt in which liquor was hidden bore defendant's mark held not prejudicial, where defendant had testified that shirt was not his, and ownership of shirt not being important.

2.  **Criminal Law—Prior Conviction.**

    In liquor prosecution, evidence that defendant had been arrested previously for selling intoxicating liquor should have been excluded.

3.  **Criminal Law—Evidence.**

    In liquor prosecution, error in permitting evidence that defendant had previously been arrested for selling intoxicating liquor held not prejudicial, in view of other evidence.

4.  **Criminal Law—Refusal of New Trial for Newly Discovered Evidence that Another Had Left Part of the Liquor at Defendant's Garage, in Prosecution for Possession of Liquor, Held Proper.**

    Refusal of new trial for newly discovered evidence in prosecution for possessing liquor, showing only that some one else had left part of the liquor at defendant's garage and not showing that witness would testify as claimed, held not erroneous.

---

Note.—See, Headnote (1), American Key-Numbered Digest, Criminal law, Key-No. 1170(1), 17 C. J. Secs. 3679, 3680; (2) Criminal law, Key-No. 369(6), 16 C. J. Sec. 1173 (Anno.); Witnesses, 40 Cyc. 2569, 2621; (3) Criminal law, Key-No. 1169(11), 17 C. J. Sec. 3664.

Admissibility of evidence of other sales or transactions in prosecution for violation of liquor law, see note in 62 L. R. A. 290; 15 R. C. L. 398; 3 R. C. L. Supp. 454.

Appeal from Municipal Court of Mitchell; Hon. W. M. Her-bert, Judge.

Delmar A. Alfson was convicted of possessing intoxicating liquor in a public place, and he appeals. Affirmed.

*Spangler & Morgan* and *P. A. Zollman,* all of Mitchell, for Appellant.

*Buell F. Jones,* Attorney General, and *Bernard A. Brown,* Assistant Attorney General, for the State.

GATES, P. J. The information in this case charged that defendant "did willfully, wrongfully and unlawfully keep and have for personal use and otherwise intoxicating liquor in a public place, to wit, a garage, in the city of Ethan, Davison county, S. D."

At the trial the evidence in behalf of the prosecution tended to show that Deputy State Sheriff Smith, Federal Officer Bintliff, and the sheriff of Davison county went to defendant's garage at Ethan armed with a search warrant; that some boys at the garage told them that defendant was absent; that just then defendant rushed through the garage to a door, went inside, slammed the door; that Smith and Bintliff followed and discovered defendant in the act of hiding a bottle of moonshine whisky in some recently laundered shirts; that the officers also found there two jugs, one containing some moonshine whiskey and another that had contained moonshine whiskey.

The defense was that the bottle was left there that morning in a package by a stranger, that defendant did not know its contents, and that the jugs had been used by him to procure denatured alcohol for his business. Defendant was convicted, and appeals from the judgment and from the order denying a new trial.

[1] Appellant does not question the sufficiency of the evidence to sustain the verdict, and urges but three errors. One is as to the exclusion of answers to the following questions propounded to defendant:

"What is your laundry mark?"

"Is this your mark?" (pointing to a laundry mark upon a shirt.)

The only objection to the question was: "Objected to as not the best evidence."

Assuming, as we think we must, that such objection should have been overruled, we can find no prejudice in the rulings. Defendant had already testified that the shirt was not his. If defendant had been permitted to describe his laundry mark and had been permitted to say that the mark in question was not his, such testimony would merely have been cumulative to his testimony that the shirt was not his. If defendant was caught trying to hide the bottle in this shirt we do not see how the ownership of the shirt was particularly important.

[3] . The next assignment of error concerns an adverse ruling on defendant's objection to the following question propounded to him: "Alfson, do you remember being arrested September 22, 1922, on a complaint of selling intoxicating liquor?" The objection to this question should have been sustained. State v. Baker, 48 S. D. 636, 205 N. W. 666. ' It was either an attempt to impeach the witness by reason of a former arrest, or an attempt, by reason of his previous testimony, to impeach him upon a collateral matter. Under either view the objection was good. Prior to this question, however, the following examination of defendant had been conducted by the prosecution entirely without objection from defendant:

"Q. Have you been arrested before, Mr. Alfson? A. Yes.

"Q. How long ago? A. Two years ago.

"Q. What were you arrested for? A. I was arrested at a dance for being drunk.

"Q. Is that the only time? A. I have been arrested for speeding west of Mitchell.

"Q. Have you been arrested besides these two times? A. Yes.

"Q. When was that? A. Some of the officers found an old revolver in the back of my car and arrested me for that.

"Q. Where was that? A. I think it was Corn Palace time.

"Q. How long ago? A. Must be pretty close to 2½ years ago.

"Q. These are the only times you have been arrested? A. I think so.

"Q. Are you sure of it? A. Yes, sir.

"Q. Have you ever been arrested for having intoxicating liquor in your possession? A. No."

In view of this record, we fail to discover prejudice in the ruling, although it was erroneous.

[4] The other assignment of errors is the refusal by the trial court to grant a new trial on the ground of newly discovered evidence. This evidence was to the effect that certain persons claimed to have identified the stranger who left the package at defendant's garage. as one Sawyer of Sioux City; that Sawyer told them he had left "some stuff" at the garage for the dance that night; that they did not tell defendant about this until after the trial, etc. There was nothing to show that Sawyer would be present to give testimony if a new trial were had, nor did it appear from Sawyer that he would testify as claimed, or at all. Furthermore, the alleged newly discovered evidence related merely to the bottle. It took no account of the jug containing moonshine whisky or the other jug which had contained it. We think the trial court did not abuse its discretion in refusing to grant a new trial on the ground of newly discovered evidence.

The judgment and order appealed from are affirmed.