STATE, Respondent v. WALKING BULL, Appellant

(190 N.W.2nd 121)

(File No. 10810. Opinion filed September 23, 1971)

**Gordon Mydland,** Atty. Gen., **C. J. Kelly,** Asst. Atty. Gen., Pierre, for plaintiff and respondent.

**William J. Pfeiffer,** Aberdeen, for defendant and appellant.

MANSON, Circuit Judge.

Defendant was tried to a Brown County jury and found guilty of assault with intent to commit great bodily injury and of first degree robbery. He appeals his conviction.

We consider his several assignments of error.

Defendant moved before trial for an order enjoining the state from cross-examining defendant concerning his five prior felony convictions, suggesting that his rights under the Fifth and Sixth Amendments to the Constitution of the United States would otherwise be abridged or denied. Denial of this motion is assigned as error by defendant who, at trial, himself placed these convictions unreservedly and squarely before the jury in his own testimony.

█▌ The propriety and utility of a motion in limine is obvious, as was recognized in Fossum v. Zurn, 78 S.D. 260, 100 N.W.2d 805. Its denial in the case before us is free from error in the light of State v. Olson, 83 S.D. 260, 158 N.W.2d 526, where we held that a defendant who took the stand could be questioned, inter alia, as to conviction of felony.

█ Defendant next seeks to premise error upon the proposition that the trial court abused its discretion in declining to permit cross-examination of the complaining witness as to his general moral worth. At best, this was a collateral issue and our consideration is governed by State v. Alfson, 50 S.D. 533, 210 N.W. 721, and State v. Ruffing, 78 S.D. 556, 105 N.W.2d 541. No error.

█ The third assignment of error suggests that the trial court erred in refusing to grant a motion for directed verdict, based upon a claimed insufficiency of the evidence. The "insufficiency" alleged is found in brief and argument to be nothing more than an attack upon the credibility of the state's evidence. The evidence submitted by the state, clearly within the bounds of credulity, was sufficient in point of law, if believed by the jury, to convict the defendant. The defendant, who made no objection to Instruction No. 23 which advised the jury that they were the "exclusive judges of the credibility of the witnesses, (and) of the weight of the evidence", is bound by this principle, as are the courts. State v. Julius, 1912, 29 S.D. 638, 137 N.W. 590. No error.

██ The remaining assignments merit only brief discussion and comment. The learned trial court did not abuse the discretion delineated in Ruffing and Alfson, supra, in refusing to permit inquiry of a lay witness as to the possible "senility" of the complaining witness and in denying a motion made later in the trial for a mental examination of the latter. No error.

█ The remaining assignment suggests that the trial court erred in refusing to sanction a courtroom salon of defendant's paintings for the jury to consider on the issue of "probable guilt". This contention hardly merits discursive consideration. We observe only that we have not been favored with apposite authority

by defendant and that the implementation of such a proposal would hardly lend itself to that objective consideration of relevant proof which is enjoined by our system of law. No error.

We affirm the lower court on all counts.

BIEGELMEIER, P. J., and HANSON, J., concur.

WINANS, J., concurs in result.

MANSON, Circuit Judge, sitting for WOLLMAN, J., disqualified.